[Civ. No. 991.  Second Appellate District.—November 20, 1911.]

MARY E. DRESSER, Appellant, v. LEVI ALLEN, SYLVESTER KIPP, and H. F. WEIS, Respondents.

APPEAL FROM JUDGMENT—BILL OF EXCEPTIONS—NEW TRIAL—REVIEW.— A bill of exceptions, which was settled within the time required for its use upon an appeal from the judgment, may be considered thereon, notwithstanding that in the first instance it was the intention to use such bill of exceptions upon a motion for a new trial, the proceedings upon which were abandoned. It is held immaterial, in such case, what may be the purposes for which the bill was expected to be used.

ACTION TO QUIET TITLE—CLAIM OF PRESCRIPTIVE RIGHT UNFOUNDED— AGREEMENT TO PURCHASE—TRUST IN HOLDER OF RECORD TITLE.— An action to quiet title based upon a claim of prescriptive right is untenable, where the evidence clearly shows that plaintiff entered into possession under agreement to purchase the premises from the holder of the record title, and that one of the defendants now holds the record title in trust for the plaintiff, and that there was no holding by the plaintiff adverse to the record title.

APPEAL from a judgment of the Superior Court of San Diego County.  T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Riley & Hubbell, for Appellant.

Sylvester Kipp, and Haines & Haines, for Respondents.

ALLEN, P. J.—The action was one to quiet title, with pleadings in the usual form. Findings and judgment went

for defendants, from which judgment plaintiff appeals upon a bill of exceptions.

Respondents insist that, upon a review of the case, this court is precluded from an examination of the bill of exceptions because it was not settled within time. The judgment was entered on the twenty-first day of February, 1910. On that date, plaintiff filed with the clerk and served upon defendants a notice of intention to move to vacate the decision and for a new trial, designating the grounds and stating that the same would be made upon a bill of exceptions. The bill of exceptions was not served until the 18th of April, 1910, fifty-six days after the entry of the judgment. At the time fixed by the court for settlement of the bill, plaintiff announced her abandonment of proceedings under the notice of intention to move for a new trial. The court thereupon overruled the objections to the settlement and settled the bill. No notice of the entry of the judgment was served upon the plaintiff. We are of opinion that the court was warranted in settling the bill of exceptions, ten days not having elapsed from notice of the entry of judgment. Possessing the right to have the bill of exceptions settled within ten days after notice of the entry of judgment, through which upon an appeal from such judgment the evidence may be considered, it is of no materiality that, in the first instance, the intention was to use such bill upon a motion for a new trial. It matters not what may be the purposes for which the bill was expected to be used; it is sufficient if it be settled within the time requisite for use upon appeal from the judgment.

Appellant's sole contention relates to the insufficiency of the evidence to support the findings of the court. The material facts presented by the bill of exceptions are these: In 1895, plaintiff entered into an agreement with one Mulford for the purchase of the premises described in the complaint. It is appellant's contention that Mulford in the negotiations acted as the agent for the heirs of Fletchers, claiming to be the owners of the premises. The contract between Mulford and plaintiff was oral. Plaintiff was to pay one-third cash and the balance in two and three years. Mulford put plaintiff into possession of the premises, and during the year following the making of the contract she paid the one-third cash stipulated. She never paid any portion of the deferred pay-

ments. Mulford at the time the contract was made held a conveyance from one of the Fletcher heirs, executed after the heir had arrived at the age of eighteen years, but before he had attained his majority. How many of the Fletcher heirs were living is not shown, other than that there was one in addition to the minor making the conveyance. The Fletchers' title to the property was disputed by other persons, and it was necessary to settle and adjust all of these claims in order that a good title might be conveyed to plaintiff. Mulford procured defendant Allen to advance the money with which the claims for outstanding titles were compromised, and procured the minor, after attaining his majority, to convey his interest to Allen. Allen subsequently conveyed to Kipp, his codefendant, who now holds the record title to the premises. While plaintiff, for fourteen years was in possession of these premises, paying taxes thereon, and having inclosed the same, there is nothing in the record indicating that she held adversely to the record owners; in fact, there is ample evidence in the record tending to show that she held the premises under a contract with Mulford and claimed that the titles held by Allen were in trust for her. We find nothing, therefore, sufficient to warrant the court in determining that plaintiff held a title by prescription. There is no claim that she held any other kind of a title, and, as a consequence, there is nothing which would warrant the court in making a finding otherwise than as made.

Judgment affirmed.

James, J., and Shaw, J., concurred.