[Civ. No. 1526.   Second Appellate District.—July 8, 1914.]

MARY E. DRESSER, Plaintiff, v. LEVI ALLEN et al., Defendants; SYLVESTER KIPP, Appellant; MARY E. DRESSER et al., Respondents.

ACTION TO QUIET TITLE—PROCEEDINGS TO PUT IN POSSESSION—MATTERS DETERMINABLE.—In proceedings to put in possession a defendant who has recovered judgment in an action to quiet title, the court cannot determine any proprietary rights of a person in possession of the property who was not a party to the action.

ID.—PERSON IN POSSESSION WHO IS NOT PARTY TO ACTION—PRESUMPTION AND BURDEN OF PROOF AS TO RIGHTS.—If such person came into possession at any time after the commencement of the action, it is presumed that he came in under the plaintiff, and upon the issue pertaining to his right to remain in possession the burden is upon him to show affirmatively that his possession is rightful and under a title that has not been determined in the action, and that such possession was not taken by collusion with the plaintiff.

ID. — ABANDONMENT OR RELINQUISHMENT — WHETHER EFFECTUAL TO TRANSFER PROPERTY.—Abandonment of property cannot be made in favor of a particular individual, nor as a means of transfer from one person to another. Relinquishment by one to another is not abandonment.

ID.—WRIT OF POSSESSION—OCCUPANT NOT PARTY TO ORIGINAL ACTION—WHETHER MAY RESIST.—The enforcement of a judgment recovered in an action to quiet title cannot be resisted by a person not a party to the action, who asserts the right to retain the premises under a claim of possession adverse to the person against whom the judgment was awarded, when it appears that such claim is founded upon

the mere declaration of the latter of an abandonment of the premises to the former and recognition of his claim without any actual removal from the premises.

ID.—ALIAS WRIT OF POSSESSION—WHEN LIES.—In such a case the prevailing party is entitled to an *alias* writ of possession for the possession of the property.

APPEAL from an order of the Superior Court of San Diego County. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Sylvester Kipp, and Haines & Haines, for Appellant.

E. S. Torrance for Respondents.

CONREY, P. J.—The defendant Sylvester Kipp presents this appeal from an order made and entered on August 2, 1912, whereby the court vacated a certain order of date April 29, 1912, upon James S. Dresser to show cause why an *alias* writ of possession should not issue against him on the judgment entered in said action, in so far as said order to show cause related to or affected the right of said James S. Dresser to the possession of the premises described in the judgment in this action; and whereby the superior court ordered that said *alias* writ of possession against said James S. Dresser should be denied and that he should recover his costs.

This action was commenced by Mary E. Dresser against Levi Allen, Sylvester Kipp, and H. F. Weis for the purpose of quieting plaintiff's title against the defendants. Defendant Kipp answered claiming title to the property described in the complaint, and the judgment of the court established his title against the plaintiff and awarded him a writ of possession against her. That judgment was affirmed in this court on November 20, 1911 (*Dresser* v. *Allen*, 17 Cal. App. 508, [120 Pac. 65]). A writ of possession having been issued on February 21, 1912, the same, with the sheriff's return indorsed thereon, was filed on April 20, 1912. The return shows that on March 16, 1912, the sheriff entered upon said premises and found said Mary E. Dresser upon the same and notified her that if she did not vacate said premises within ten days after said date, he would dispossess her of said premises by forcibly removing her from the same; that on the

twenty-sixth day of March, 1912, the sheriff again entered upon said premises described in said writ for the purpose of executing the same, and found that said Mary E. Dresser had vacated the said premises and that James S. Dresser and M. C. Dresser were upon said premises and claimed that they had adverse possession of said premises under a tax title, and claimed that such title was not derived from the plaintiff in said writ named. For said reasons the sheriff did not place the defendant Kipp in possession of the premises.

In response to the order to show cause, which was issued against Mary E. Dresser, James S. Dresser, and Mary Caroline Dresser, the said Mary E. Dresser answered that within ten days after March 16, 1912, she did wholly vacate and abandon said premises and does not claim any right to the possession thereof; and Mary Caroline Dresser answered that she has never claimed and does not claim any possession or right of possession of said premises. The questions at issue herein rest wholly between the defendant Kipp and the respondent James S. Dresser.

The respondent was not a party to the action and his claim of right to retain possession of the premises is based upon the contention that he is, and since a time long prior to the commencement of this action (which was on October 20, 1909) he has been in possession of the described real property adversely to the plaintiff and all others; that ever since the nineteenth day of November, 1900, he has been in the exclusive possesssion of said premises for himself in his own right under a claim of title thereto made by him in good faith under a certain tax-deed presented to the court as a part of his answer to the order to show cause.

It is conceded that in this proceeding the court could not try or determine any proprietary rights which the respondent may have under his claim of title. We are here concerned only with the matter of right to possession under the writ. If respondent came into possession at any time after the commencement of this action, it is presumed that he came in under the plaintiff, and upon the issue pertaining to his right to remain in possession the burden is upon him to show affirmatively that his possession is rightful and under a title that has not been determined in the action, and that such possession was not taken by collusion with the plaintiff. The fruits of a successful litigation cannot be wrested from the

prevailing party and the process of the courts evaded upon a mere claim set up under suspicious circumstances, resting upon affidavits alone, unless the case made by that kind of proof is reasonably satisfactory. (*Baum* v. *Roper,* 1 Cal. App. 435, 439, [82 Pac. 390], and cases there cited.)

The order of the superior court made after hearing on the order to show cause carries with it the implied finding that the respondent's possession began prior to the commencement of this action, or that if it began subsequent thereto, he has satisfactorily shown to the court that his possession has been taken and maintained in good faith without collusion with the plaintiff and adversely to her.

On his application for the order to show cause the appellant presented a typewritten transcript (not certified) of the official court stenographer's minutes of the trial of this action, the said transcript being attached to an affidavit of the applicant in which he stated that he was present at the trial, heard all of the evidence and proceedings therein and has a clear and distinct recollection of the same, and that said transcript is a true and correct statement of the evidence given by the witnesses Mary E. Dresser, James S. Dresser, and Mary Caroline Dresser, and of the whole thereof, "as affiant now remembers the same." Counsel for respondent insists that this affidavit is not sufficient to establish the transcript as a correct statement of the evidence, and that at all events the testimony then given by Mary E. Dresser and Mary Caroline Dresser is not binding upon him. Giving the respondent the full benefit of his objection to the testimony of others than himself, we have for consideration the testimony given by the respondent and his explanation thereof as contained in his affidavit filed in this proceeding. Mary E. Dresser is the mother of respondent, who is an unmarried man. In 1896 Mrs. Dresser made a contract of purchase of the land in controversy whereby, upon certain payments being made, the land was to be conveyed to her. Full payment never was made and a deed of conveyance has never been made to the purchaser or any one claiming under her. Mrs. Dresser obtained possession from the agent of the vendor in 1896. She established her home upon the premises with her son, the said James S. Dresser, then about twenty-seven years of age. Various improvements were made, in which the respondent took an active part, and in his affidavit he admits that his

mother went into possession under the contract and remained in possession thereunder until the delivery to him of the tax-deed under which he claims; said deed having been delivered to respondent in November, 1900. At the trial of this action and while the plaintiff was endeavoring to establish the fact of her long continued possession of this property, the respondent (on December 13, 1909) testified as a witness in her behalf and stated, among other things, that he was a member of his mother's family and had been such for the last fourteen years; that in making sundry improvements on the premises in controversy he did that work for his mother and was acting for her; "she bought the place for her home and I was fixing it up for her"; that his mother had gone into possession under the agreement of 1896; "Q. And she has been in possession ever since? A. Yes, sir. Q. Under that contract? A. Yes, sir."

The present claim of the respondent is that, ever since November 19, 1900, when said tax-deed was delivered to him, he has been in the exclusive possession of said premises for himself and in his own right under a claim of title thereto made by him in good faith under said deed; that in the summer of 1900 his mother, the plaintiff, informed him that she intended to abandon said contract and would not make any further payments thereunder; that he purchased said tax-title after receiving such information from his mother, and that his intention was that he "would endeavor to obtain a tax-title to said premises and acquire title thereunder by adverse possession"; that having purchased the certificate of sale from the original purchaser at the tax-sale, the respondent, on October 9, 1900, made service upon Mary E. Dresser of a written notice to redeem and thereafter in due time said tax-deed was issued to him; that upon receiving said deed respondent informed his mother of his intention as above stated, and that he then claimed and would continue to claim possession of said premises adversely to all persons whomsoever; "that thereupon his said mother declared to him that she had abandoned her right to possession of said premises under her contract with H. S. Mulford, and that she recognized the right of said James S. Dresser to the exclusive possession of said premises as against herself, based on his claim of title under said tax-deed; that his mother then agreed to live with him on said premises as his housekeeper." Re-

spondent further stated in his sworn answer and in his affidavit certain other facts slightly tending to support his claim of adverse possession since November, 1900. As the testimony is shown to be conflicting and inconsistent, we are bound to accept the conclusion of the superior court thereon, unless this result is controlled by admissions contained in respondent's said answer. But in our opinion the facts stated by the respondent in his answer contain admissions which preclude him from holding possession against the writ awarded to the appellant by the judgment herein. When Mrs. Dresser declared to respondent that she "had abandoned her right to possession" and that she "recognized the right" of respondent to "exclusive possession as against herself," she did not in fact abandon her actual possession in any manner whatever, except this, that without removing from the premises she attempted to abandon the same *to the respondent*. Abandonment cannot be made in favor of a particular individual, nor as a means of transfer from one party to another. (*Stephens* v. *Mansfield,* 11 Cal. 363; *Richardson* v. *McNulty,* 24 Cal. 339, 344.) Relinquishment by one to another is not abandonment. Nothing more than this was done or attempted in the present case. It being thus established that Mary E. Dresser's possession of the land was never abandoned by her until on or after March 16, 1912, and that the only possession obtained by respondent was by means of and subordinate to that of his mother, he cannot be permitted to resist the enforcement of the judgment in favor of appellant.

The order appealed from is reversed, and the superior court is directed to enter an order granting appellant's application for the *alias* writ.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 5, 1914, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 2, 1914.