[Civ. No. 18179. First Dist., Div. Two. Dec. 15, 1958.]

EUGENE A. TALIAFERRO, Appellant, v. MARGARET F. RIDDLE et al., Defendants; VALENTINE HART-MANN et al., Respondents.

Eugene A. Taliaferro, in pro. per., for Appellant.

Royal E. Handlos for Respondents.

KAUFMAN, P. J.—This appeal is based upon a judgment entered pursuant to a denial of a motion for writ of possession.

The property in issue is located in Contra Costa County and is described as Lot 5, Block 10, Tewksbury Heights. Prior to 1942, legal title to this lot was vested in one Etta Albertson. Albertson became delinquent in her 1936 property taxes and, pursuant to California law, the property was sold to the state on June 26, 1937.

At the end of the required five year period, the property was deeded to the state and on June 29, 1942, sold at a public auction to appellant and his wife Dorothy. Taliaferro did not record this deed until August 22, 1950. In the meantime, Albertson purportedly executed a deed dated April 15, 1950, conveying the above premises to one R. Hoey, which was recorded on April 19, 1950, in the office of the recorder of Contra Costa County. Hoey, on May 31, 1950, conveyed the property to respondents, Valentine K. and Elsie M. Hartmann, husband and wife, as joint tenants. This deed was recorded June 1, 1950.

On June 21, 1950, appellant filed a complaint (No. R-1046) requesting the court to quiet title to the premises in issue and to other specified parcels of land. A summons was issued on the same date. On June 26, appellant filed a Notice of Lis Pendens. The above summons was filed August 21 and showed personal service on certain named defendants. An alias summons issued August 21, 1950, was not filed until April 26, 1954. Etta Albertson, a named defendant, was served by publication and a default judgment was entered against her. On November 16, 1951, the court issued a decree quieting appellant's title to the parcel in question and to other properties. This decree was recorded on November 28, 1951.

A copy of the summons and complaint in action R-1046 was served on Elsie Hartmann on May 15, 1954, and on her husband on May 29. Respondents made a special appearance to move for a dismissal of the action on the grounds that they were not served within three years after the commencement

of the action and issuance of summons. In their affidavit in support of this motion, it is alleged that, immediately after acquiring title to the property from Hoey, they erected improvements thereon and on April 1, 1951, moved into those improvements. The action was dismissed on June 17, 1954.

In March 1957, an alias summons was issued in the quiet title action and served upon the Hartmanns. Respondents, in a special appearance, moved to quash the service of the alias summons and amended complaint upon the grounds that they were not served within the required three year period. On May 13, 1957, the court issued an order granting this motion.

Appellant then filed a motion for issuance of writ of possession on September 26, 1957, alleging that, as holder of a decree quieting title to Lot 5, he was entitled to possession of those premises now occupied by the Hartmanns.

In his affidavit, Taliaferro alleges that the deed to Hoey was a forgery and never executed by Albertson. After purchasing the property, appellant alleges he immediately began a title search but was unable to complete it, due to the numerous parcels of land purchased at the sale, until April 1, 1950. He then began to prepare the quiet title action. On June 21, 1950, the date the action was commenced, appellant alleges he posted the complaint containing a full legal description of the property in issue on a stake located on Lot 5. At that time, there were no signs on the lot indicating that anyone had begun construction of any sort. The only activity in the entire vicinity was a bulldozer apparently engaged in cutting a street through.

Appellant did not return to the property after this trip. Sales of other property in that area were handled by agents. About April 1954, he received inquiries concerning the purchase of this lot and in responding to these inquiries discovered the Hartmanns. He then instituted a suit against the Hartmanns and others, charging them with conspiracy to steal his title through the use of forged deeds. (Action R-3187.)

He alleges that the judgment against Albertson is binding upon respondents even though they were not named in suit R-1046, since their claim is based upon a claim of title originating with Albertson, their predecessor in interest.

Attached to this affidavit as "Exhibit A" is a statement of Etta Albertson in which she alleges that to her knowledge she never signed a deed relating to the property, nor appeared before a notary public to sign a deed.

On October 4, 1957, appellant's motion for issuance of a writ of possession was denied, and he appeals from the judgment entered pursuant to this denial.

Appellant has cited numerous cases for the proposition that a forged deed is absolutely void. These cases are not in point until a court determines that the deed from Albertson to Hoey is a forgery.

". . . Defendant's title was deraigned through deeds which appeared to be entirely regular and they were all duly recorded. All presumptions were in favor of the validity of said deeds (citations)." (*Willis* v. *Holback*, 33 Cal.App.2d 145, 147 [91 P.2d 140].)

It is contended that the Hartmanns, although not named as defendants in the quiet title action, are bound by that judgment. Although respondents became holders of record title before the quiet title action was commenced and before the notice of lis pendens was filed, appellant argues that, since they did not take actual possession until after the notice of lis pendens was filed, their rights are subordinate to any judgment secured in that action. (31 Cal.Jur.2d § 10, p. 695.) However, it is the date of recordation and not the date of actual physical possession that is decisive. Appellant's cases are not in point. In *Swartfager* v. *Wells*, 53 Cal.App.2d 522, 529 [128 P.2d 128], the court, quoting from 30 American Jurisprudence 959, section 226 (1940 ed.), states:

"In the absence of the applicability of a statutory provision requiring a different result, the general rule is that although one to whom an assignment is made or property is granted by a party to an action during the pendency thereof is regarded as in privity with such party within the meaning of the doctrine of res judicata, *a judgment is regarded as conclusive only between the parties and their successors in interest by title acquired subsequent to the commencement of the action,* so that a person to whom a party to an action has made an assignment or granted property or an interest therein before the commencement of the action is not regarded as in privity with the assignor or grantor so as to be affected by a judgment rendered against the assignor or grantor in the subsequent action. . . ." (Emphasis added.)

Section 1214 of the Civil Code provides as follows:

"Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any

part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action.''

Under Code of Civil Procedure, section 738, the plaintiff must name all known defendants. Suits brought under that section are in personam actions. Suits against unknown persons must be brought under Code of Civil Procedure, section 749 or 749.1. In this case respondents, by recording their deed prior to the commencement of the action and the filing of the lis pendens, put appellant on notice of the existence of their adverse claim. Under those facts they should have been named as party defendants. The complaint was not brought against unknown defendants and does not fall within the permissible area of Code of Civil Procedure, section 749 or 749.1. The action was against defaulting defendants and no greater relief could be obtained than that requested in the prayer. (*Burtnett* v. *King*, 33 Cal.2d 805 [205 P.2d 657, 12 A.L.R.2d 333].) Therefore, respondents, not being named in the complaint filed pursuant to section 738 (an in personam action), were not required to appear and are not bound by the judgment.

It is argued that since the Hartmanns showed no title by adverse possession at the time of the motion for a writ of possession, appellant is entitled to the writ as a matter of law.

The issuance of a writ of possession is controlled by section 380 of the Code of Civil Procedure which provides as follows:

''In an action brought by a person out of possession of real property, to determine an adverse claim of an interest or estate therein, the person making such adverse claim and persons in possession may be joined as defendants, and *if the judgment be for the plaintiff, he may have a writ for the possession of the premises, as against the defendants in the action, against whom the judgment has passed.*'' (Emphasis added.)

As stated above, the respondents acquired record title prior to the commencement of the quiet title action, which action did not include adverse claims against unknown defendants. Therefore, it was not necessary for respondents to show title by adverse possession when the motion for a writ of possession was made. That writ will issue only against the defendants or their predecessors in interest against whom a judgment

has passed. Respondents do not fall into either category. The issue of adverse possession not being material to the issuance of the requested writ, appellant's cases are not in point.

Appellant's cases cited in support of his contention that the right to a writ of possession automatically flows from a judgment quieting title are all concerned with persons who are successors in interest of the defendants in the action. In *Dresser* v. *Allen*, 25 Cal.App. 124 [142 P. 911], the respondent was not a party to the action, but his mother was, and the action was commenced long before he made claim to the title. The case being distinguishable from that at bar, it is not in point.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.

A petition for a rehearing was denied January 14, 1959, and appellant's petition for a hearing by the Supreme Court was denied February 11, 1959.