Lester J. **GENDRON**, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

Civ. No. F–852.

United States District Court,
E. D. California.

May 28, 1974.

Lester J. Gendron, Madera, Cal., for plaintiff.

U. S. Atty., Dwayne Keyes, Robert H. Johnson, Asst. U. S. Atty., appearing, Sacramento, Cal., for the Government.

## JUDGMENT OF DISMISSAL

CROCKER, District Judge.

Defendant's Motion for Judgment on the Pleadings having come on regularly for hearing before this Court on April 10, 1974, and the Court having considered the pleadings, defendant's Memorandum of Points and Authorities filed April 2, 1974 and plaintiff's Affidavit and Memorandum of Points and Authorities in opposition thereto, and having received evidence, and having concluded that the defendant is entitled to judgment as a matter of law, it is hereby

Ordered, that, since evidence was taken, defendant's Motion for Judgment on the Pleadings be treated as one for summary judgment pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure; and it is further

Ordered, adjudged and decreed that the plaintiff's Complaint in the above-entitled action, be and hereby is dismissed with prejudice for the following reasons:

(1) The plaintiff's action is barred by 28 U.S.C. 2409a(f) because it was not commenced within 12 years of the date upon which it accrued. Plaintiff's asserted predecessor in interest, C. B. Willingham, knew or should have known of the claim of the United States on June 9, 1899, when he conveyed the land in question in this quiet title action to the United States. At the very least, plaintiff's predecessors should have asserted their rights under the Acts of

September 22, 1922 (16 U.S.C. § 483) and April 28, 1930 (43 U.S.C. § 872) to request a reconveyance of the land in question. Finally, the passage of Public Law 86–596, July 6, 1960, provided the plaintiff's predecessors with last chance to assert their claims. Thus, the latest possible date at which the plaintiff's predecessors should have known of the claim of the United States to an interest in the subject land was July 6, 1961 (the cut-off date for payment of claim under Public Law 86–596), over 12 years and one month before this suit was filed. The requirements of a Statute of Limitations such as this are jurisdictional; the action must be dismissed.

(2) Plaintiff's action is barred because Public Law 86–596, which was passed to provide a method of payment for those who had conveyed their lands to the United States as a basis of an in-lieu selection and who had not theretofore received the selection, reconveyance of their lands, or authority to cut and remove timber, bars payment unless the claim is made within one year of July 6, 1960, the effective date of the Act. It is uncontested that no such claim was ever filed.

(3) Plaintiff's Complaint reveals that he received his asserted interest in the property from persons purported to be assignees of C. B. Willingham on May 13, 1969, almost nine years after the effective date of Public Law 86–596. Section 2(a) of this law expressly states that the right to receive payment under the Act shall not be assignable.

■ (4) Finally, plaintiff's Complaint fails to state a claim for which relief can be granted because it appears on the face of the initial deed in his chain of title that the land in question was never conveyed to his predecessor in interest. Plaintiff seeks to assert his title to the California land in question on the basis of a 1900 deed to certain described New Mexico lands (Exhibit 7 to the First Amended Complaint). This deed in no way purports to convey any land in California, described or otherwise. Plaintiff attempts to avoid this gap in his chain of title by relying on a State Court quiet title decree (Exhibit 8 to the First Amended Complaint). That decree fails to achieve the purpose he desires. The decree of that case, *Gendron v. United States et al.*, No. 16962 (Madera County Superior Court), names as defendants only "all other persons unknown claiming any right . . . in the real property described in the complaint adverse to plaintiff's ownership" in addition to the United States. (That case was dismissed as against the United States for lack of jurisdiction.) This State Court decree is not sufficient to close the gap in plaintiff's chain of title between Mr. Willingham and Mr. Coburn, the grantee in the 1900 deed previously referred to, for neither Willingham nor anyone claiming through him was a named party in the State Court action. To be sure, the State Court order set out as Exhibit 8 to the First Amended Complaint purports to be *in rem*, but the *only* California Statute permitting such an action are Sections 749 and 749.1 of the Code of Civil Procedure. These statutes require actual possession and the payment of taxes for different combinations of periods of years. However, plaintiff in his State Court action did not proceed under either Section 749 or Section 749.1. The sole jurisdictional allegation in his Complaint was of 28 U.S.C. Section 2410. Plaintiff's State Court quiet title action is thus insufficient to correct the defect in his title. *See, generally*, 41 Cal.Jur.2d p. 522, 601–602. See *Taliaferro v. Riddle*, 166 Cal. App.2d 124, 332 P.2d 803 (First District, 1958). Thus, without regard to the statutory bars on plaintiff's action discussed above, plaintiff cannot prevail because it appears that the land in question was never conveyed to his predecessor in interest.