Statement of Facts.

No. 1,892.

HIRAM SHARTZER, APPELLANT, v. HARRY LOVE AND MARY LOVE,
RESPONDENTS.

DISMISSAL OF APPEAL.—DEATH OF ONE OF THE RESPONDENTS.—Where it appears that one of several respondents died before notice of appeal was filed, a motion to dismiss the appeal as to him must be granted.

HUSBAND AND WIFE.—CONTRACT BY.—A woman is not personally liable on a contract signed by her husband and herself. It is the contract of the husband alone.

MEXICAN GRANTS.—DUTY OF SURVEYOR-GENERAL.—RESPONSIBILITY FOR NEGLECT TO TRANSMIT SURVEY.—The Act of Congress, of July 1st, 1864, "to expedite the settlement of titles to lands in the State of California," makes it the duty of the Surveyor-General to transmit the survey to the Land Department, and every act, from the confirmation of a survey to the issuing of the patent, is an official act, and where there is any neglect or unnecessary delay in issuing the patent the confirmee is not responsible for it.

APPEAL from the District Court of the Third District, Santa Clara County.

Action to foreclose a mortgage made by the defendants Harry Love and his wife Mary, to secure a contract for the sum of fifteen hundred dollars, with interest, payable sixty days after the issuance of a patent by the Government of the United States for a tract of land claimed by the defendant Mary Love, as her separate property, it having been conveyed to her by her former husband, Narcisso Bennett, to whom it had been originally granted by the Mexican Government. The contract is signed by each of the defendants, and they jointly and severally promise to pay it.

The complaint alleges that, although the patent to the lands had not been issued at the date of the commencement of the action, yet, by the exercise of ordinary diligence, the defendants could have obtained the patent; but that intending fraudulently to hinder and delay the plaintiff in the collection of his claim, defendants have failed to take any steps to procure the patent, and that it is wholly owing to the negligence and default of defendants that the patent has not been issued.

The defendants separately demurred to the complaint. The Court sustained the demurrers and rendered judgment in favor of defendants, and plaintiff appealed.

The other facts are stated in the opinion.

*Bodley & Rankin,* for Appellant.

*First*—The note was really payable, and the mortgage enforceable when final confirmation was had to the land described in the complaint. A final confirmation and approved survey are equivalent to a patent. All the rest is ministerial. (*Natoma W. & M. Co.* v. *Clarkin,* 14 Cal. 545; *Mahoney* v. *Van Winkle,* 21 Id. 552; *Seale* v. *Ford,* 29 Id. 104.)

The law regards the substance and not the form of contracts, and in this case the contract was substantially to pay when the title was secured—when the patent could be obtained—as soon as they were in a condition to procure it. The instant the final survey was approved, whatever was contingent in the contract became certain—the condition was fulfilled.

The money was to be paid "sixty days after the patent shall have issued." This, in law, amounts to just the same as if the promise had been in so many words "to pay the money sixty days after the patent, by the exercise of proper diligence and effort to obtain it, could have been obtained. (*Thomas* v. *Fleury,* 26 N. Y. 26; *Maine* v. *Haight,* 14 Barb. 81; *Oliver* v. *Hive,* 14 Ala. 590; *White* v. *Snell,* 9 Pick. 16; *Blight* v. *Ashley,* 1 Pet. C. C. R. 25; *Vermont M. Co.* v. *Mann,* 36 Vt. 697; *Sowers* v. *Mann,* 24 Texas, 275.)

*Second*—The doctrine of the case of *Speer* v. *Ward,* (20 Cal. 674), shows that Mary Love was not a surety, but a principal; the debt was the joint debt of both husband and wife, the money was loaned to both of them, the note was joint and several, and the mortgage was conditioned to pay the note according to its terms.

But it matters not whether she was surety or joint debtor. In either assumption her liability is the same. She encumbered her estate, according to the statute form, to secure the

payment of the note according to its terms. The terms of the note were what the law, which always enters into and forms a part of every contract, declares, and that was to pay the money as soon as, by the exercise of due diligence, the patent could be obtained. (*Shaeffer* v. *McKinstry*, 8 Watts, 258; *Cobb* v. *Harmon*, 23 N. Y. 152; 30 Vt. 1 Shaw, 126.)

*Moore, Laine & Silent*, for Respondents.

*First*—Counsel for appellant claims that the Court is to presume that the defendants entered into an implied covenant to use due and proper diligence to obtain the patent, and unless such diligence has been used, the demand is due, although the patent has not issued. It is not "so nominated in the bond;" until due no suit can be maintained on the demand. (3 Cal. 262; 10 Id. 89; 18 Id. 380; 7 Johns. N. Y. 36.)

*Second*—The instrument constituting the foundation of this action is, as to Mary Love, a nullity. She has no power to make such an instrument. It is the instrument and contract of the husband alone, and has no binding effect on the wife. (25 Cal. 367; 29 Id. 120; 31 Id. 478.) If a nullity as to her and of no binding force upon her, its recitals cannot be invoked against her; she is not estopped by them.

It follows then, as a matter of law, that Mrs. Love is only a surety for the debt of her husband, and as such has a right to stand on the precise stipulation of the contract she assures; they cannot be enlarged by implication. (9 Wheat. 702; 10 Cal. 392; 20 Id. 659.)

*Third*—The statute in 1 Brightly's Digest (p. 113, ¾46), which permitted a party to apply for and file with the Commissioner of the General Land Office the survey and its confirmation, was repealed by the Act of July 1st, 1864, of which Section 1 made it the duty of the officers of the Government to issue the patent after approved survey, and Section 2 makes that law applicable to all private land claims that had not at that time been approved.

RHODES, C. J., delivered the opinion of the Court:

It is shown by the affidavits filed in this Court, that Harry Love died before the notice of appeal was filed. The motion to dismiss the appeal as to him must be granted. *(Judson* v. *Love,* 35 Cal. 463).

At the time when the contract was made, upon which the action is brought, Mary Love was the wife of Harry Love, and therefore, she is not personally liable on the contract, although it was signed by her; but it is the contract of Harry Love alone.

The dismissal of the appeal as to Harry Love left the judgment in his favor in full force. The matter determined by the judgment, was that the facts stated in the complaint did not show that the money mentioned in the contract had become due, when the action was commenced. It is very apparent that an action cannot be maintained against Mary Love, to foreclose the mortgage, until the money mentioned in contract has become due; but that matter cannot be taken into consideration on the appeal as to her, for the reason that the questions in the case arise upon the demurrer to the complaint. The question of the sufficiency of the complaint as to her does not depend, in any manner, upon the disposition of the cause as to her co-defendant.

The complaint seems to have been drawn on the theory, that the survey of Mary Love's claim was confirmed under the Act of Congress of June 14, 1860; and that as that Act permitted the parties to apply for, and file with the Commissioner of the General Land office, the survey and its confirmation, it was their duty to do so; and that as they failed to avail themselves of the provisions of that Act, the delay in issuing the patent was attributable to their default. But that Act was expressly repealed by the Act of July 1, 1864 (13 U. S. Stats. p. 332), and the latter Act took effect before the confirmation of the survey. No provision is made by that Act for the transmission of the survey to the Land Department by the confirmee. That duty was

left with the Surveyor-General, and if there was any neglect or unnecessary delay in the performance of the duty, neither Mary Love nor her husband is responsible for it. Every act in the matter, from the confirmation of the survey to the issuing of the patent, is an official act; and the confirmee cannot be regarded as in default because of the delay in issuing the patent. We are therefore of the opinion, that the complaint fails to show that the money mentioned in the contract had become due.

Appeal as to Harry Love dismissed, and judgment as to Mary Love affirmed; and ordered that judgment be entered as of the 14th day of December, A. D. 1868.