[No. 11918.   Department Two. — February 21, 1887.]

MICHAEL LYONS ET AL., EXECUTORS, ETC., OF DENIS
LYONS, DECEASED, RESPONDENTS, *v.* PHILIP A.
ROACH, ADMINISTRATOR, ETC., OF MARY CUNNING-
HAM, ET AL., APPELLANTS.

APPEAL — DEATH OF RESPONDENT PENDING — DISMISSAL — SUBSTITUTION
OF PERSONAL REPRESENTATIVES. — Where a respondent dies pending
an appeal, a *motion* by his personal representatives for its dismissal will
not be entertained until they have been substituted in the Supreme
Court in his place. A substitution in the lower court is not sufficient.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The motion was made to dismiss the appeal, on the
ground that the appellants had failed to file the tran-
script within the time required by the rules of the Su-
preme Court.   The further facts are stated in the opinion
of the court.

*Matt. I. Sullivan*, for Appellants.

*J. C. Bates*, for Respondents.

The COURT. — Motion to dismiss appeal on clerk's cer-
tificate.

When the notice of this motion was served, and the
motion brought to a hearing, the plaintiff in the action
(Denis Lyons), when the judgment appealed from was
entered, and the notice of appeal is claimed to have been
served and filed, was dead, having departed this life long
prior to the time first above mentioned.   This appears
by affidavits used on the motion, and is a sufficient sug-
gestion of his death in this court.   On such suggestion
being made, this court has no authority to proceed fur-
ther in the cause until his personal representatives have
been substituted as parties in this court; and until such
substitution has been made, no motion can be made to

dismiss the appeal.   A substitution of the representatives of the deceased plaintiff in the court below, made long after the judgment and the taking of the appeal to this court, cannot be noticed here.   The parties, under the condition of matters above stated, must be substituted here before any motion can be made or heard, or any available notice thereof given.

The motion must be denied.   As we hold that there is no motion before us, it is unnecessary to say that such denial is without prejudice to a motion when the proper persons have been made parties in this court.

Motion denied.