[No. 19496.    Department One.—July 16, 1895.]

RIVERSIDE LAND & IRRIGATING COMPANY, RESPONDENT, *v.* MERCEDES ALVARADO JENSEN, EXECUTRIX ETC. OF CORNELIUS JENSEN, DECEASED, ET AL., APPELLANTS.

QUIETING TITLE—EVIDENCE—JUDGMENT IN PRIOR ACTION.—In an action to quiet title against the executrix and devisee of a deceased person, the plaintiff may introduce in evidence the judgment-roll in a prior action against the defendant's testator, quieting his title to the lands in controversy, without specially pleading the judgment.

ID.—ADVERSE POSSESSION—ESTOPPEL.—The effect of the judgment in such prior action was to estop the defendant therein, and those claiming under him, from asserting in the subsequent action a title adverse to the plaintiff anterior to the entry of that judgment.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order refusing a new trial.    JOHN L. CAMPBELL, Judge.

The defendant in the present action was executrix of the last will of Cornelius Jensen, deceased, and the devisee thereunder of the land the title to which was sought to be quieted. The further facts are stated in the opinion of the court.

*Paris & Allison,* and *Rolfe & Rolfe,* for Appellants.

*R. E. Houghton, Frank F. Oster,* and *J. W. Curtis,* for Respondent.

VAN FLEET, J.—Action to quiet title. Plaintiff had judgment, from which and an order denying her motion for a new trial defendant appeals.

1. The objection of defendant to the introduction in evidence of the judgment-roll in the action of *Riverside Land & Irrigating Company* v. *Cornelius Jensen* was properly overruled. That was an action brought by the plaintiff here against the testator and predecessor in interest of this defendant to quiet plaintiff's title to certain lands, including the premises in controversy in this action, and in which final judgment was entered quieting plaintiff's title to the land in suit. It was not required of plaintiff to plead said judgment in order to be entitled to prove it. The complaint was in the usual form and was sufficient (*Rough* v. *Simmons*, 65 Cal. 227; *Heeser* v. *Miller*, 77 Cal. 192; *Castro* v. *Barry*, 79 Cal. 447); and such an allegation would have been improper, as it is never necessary in such an action to plead deraignment of title. That is matter of evidence purely. While as a general rule it may be necessary to plead estoppel by former judgment, that rule does not apply when, as under our system, no opportunity is afforded the plaintiff to plead it. It had no proper place in the complaint, but plaintiff could not be precluded from the benefit of it as matter of evidence on that ground. He was entitled to give it in evidence with the same effect as if given an opportunity to plead it specially. (*Clink* v. *Thurston*, 47 Cal. 27; *Wixson* v. *Devine*, 67 Cal. 345.)

2. The evidence in the case entirely failed to establish the defense of the statute of limitations, and the court below correctly found against defendant upon that issue. The effect of the judgment against Cornelius Jensen, defendant's predecessor, was to estop the latter, and the defendant who claims under him, from asserting title adverse to plaintiff anterior to the entry of that judgment (Freeman on Judgments, secs. 300, 309; *Marshall* v. *Shafter*, 32 Cal. 195; *People* v. *Center*, 66 Cal. 559, 562); and the period that elapsed intermediate the final judgment in the action of *Riverside Land & Irrigating Company* v. *Cornelius Jensen* and the commencement of the present action was not sufficient to

ripen the adverse holding of this defendant into title by limitation. It follows, also, that the court below did not err in its rulings upon questions of evidence affecting this plea.

3. Nor did the court err in refusing defendant leave to amend her answer by setting up that the premises in dispute were included in the former judgment by mistake. Assuming that such defense could have availed defendant in avoiding the otherwise conclusive effect of that judgment, there was an entire want of any such showing as would have justified the court in granting such leave.

Judgment and order affirmed.

HARRISON, J., and GAROUTTE, J., concurred.