[Sac. No. 286.    Department One.—April 7, 1897.]

M. PEDLAR, RESPONDENT, v. J. A. STROUD, ET AL., APPELLANTS.

116  461
124  319
116  461
127  360
116  461
139  86

ACTION—DEATH OF PARTY—AUTHORITY OF ATTORNEY—SERVICE OF NOTICES.—Upon the death of a party to an action, the authority of his attorney to represent him ceases; and no notices can be thereafter effectively served upon his attorney.

ID.—APPEAL — DISMISSAL — DEATH OF PARTY BEFORE APPEAL—INEFFECTIVE SERVICE OF NOTICE—JURISDICTION.—Where the plaintiff in an action, after obtaining judgment, died before an appeal was taken by the defendants, and there was no substitution, or order of substitution, of any personal representative of the deceased plaintiff in the court below, the service of a notice of appeal upon the attorney of record of the deceased plaintiff is ineffective to constitute an appeal, or in any respect to affect the judgment, and such apparent appeal will be dismissed for want of jurisdiction.

ID.—MOTION TO DISMISS—ABSENCE OF SUBSTITUTION—DISMISSAL BY APPELLATE COURT.—An appeal of which the supreme court has no jurisdiction will be dismissed by it of its own motion, whenever its attention is drawn thereto; and it is no ground for denying a motion for such dismissal, made by the defendants on the ground that the plaintiff died before the service of notice of appeal upon his attorney, or that there has been no substitution in the supreme court of the personal representatives of the deceased plaintiff.

MOTION to dismiss an appeal from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.    J. R. WEBB, Judge.

The facts are stated in the opinion of the court.

*L. L. Cory* and *J. A. Burns,* for Appellants.

*Frank H. Short,* for Respondent.

HARRISON, J.—Motion to dismiss the appeal. Judgment in this action in favor of the plaintiff and against the defendants was rendered July 31, 1895, and entered August 7, 1895.    July 6, 1896, the defendants Stroud filed with the clerk of the superior court and served upon Frank H. Short, who had been the attorney of record of the plaintiff, a notice of appeal from said judgment, and also from an order denying a new trial.    The plaintiff in the cause died September 3, 1895.    No substitution or order of substitution of the administrator, or other personal representatives of the plaintiff, was made in the cause, nor was any application made to the superior court for such substitution. A motion is now made to dismiss the appeal upon the ground that by reason of the death of the plaintiff before the appeal was taken this court is without jurisdiction over the same.

Upon the death of the plaintiff the authority of Short as his attorney ceased, and the service of the notice of appeal thereafter upon him was ineffective to constitute an appeal, or in any respect affect the judgment that had been rendered. (*Judson* v. *Love,* 35 Cal. 463; *Shartzer* v. *Love,* 40 Cal. 93; *Sheldon* v. *Dalton,* 57 Cal. 19.)    Although the proceedings taken by the defendants have been ineffective to give this court jurisdiction of the appeal, yet, as upon the face of the records of the case in the superior court an appeal has been taken, this court will order its dismissal for the purpose of removing such apparent appeal. (*Centerville etc. Co.* v. *Bachtold,* 109 Cal. 114.)

Neither is it a ground for denying the motion that there has been no substitution in this court of the personal representatives of the plaintiff, and that the motion does not purport to be made on behalf of any party interested in the judgment. An appeal of which this court has no jurisdiction will be dismissed of its own motion whenever its attention is drawn thereto. (*Bienenfeld* v. *Fresno Milling Co.*, 82 Cal. 425). *Lyons* v. *Roach*, 72 Cal. 85, cited by appellant, does not hold a contrary doctrine. In that case the appeal had been perfected in the lifetime of the plaintiff, but he died before the transcript on appeal was filed in this court. A motion to dismiss the appeal for failure to file the transcript was served upon his attorneys of record before any substitution of his personal representatives had been made in the case, and was denied for the reason that by the death of the plaintiff the attorneys ceased to represent him in the cause, and this court had no jurisdiction over the personal representatives by which they would be bound by an order of dismissal. The court had jurisdiction of the appeal, but it did not have jurisdiction of the motion, whereas in the present case the court has never acquired jurisdiction of the appeal.

The motion is granted.

VAN FLEET, J., and BEATTY, C. J., concurred.