[S. F. No. 5443.  In Bank.—August 30, 1910.]

GEORGE A. DEITER, Appellant, v. J. N. KISER et al., Respondents; J. N. KISER et al., Cross-Complainants, Respondents, v. GEORGE A. DEITER, F. W. BRAY and E. E. BRAY, Cross-Defendants, Appellants.

APPEAL—JURISDICTION—DEATH OF APPELLANT BEFORE APPEALS—AU-
THORITY OF ATTORNEYS TERMINATED—DISMISSAL.—Where the

plaintiff in an action who was also cross-defendant to a cross-complaint, was a losing party in both relations and died before his attorneys filed notices of appeal from the judgment and from an order denying his motion for a new trial, the authority of his attorneys terminated with his death, and this court has no jurisdiction to entertain the appeals, and the same must be dismissed.

ID.—ATTORNEY AND CLIENT—DEATH OF CLIENT AS PARTY—GENERAL RULE—END OF AUTHORITY.—Under the general rule that where a client is a party to an action, the death of the client ends the authority of his attorney, it has been frequently held that where a respondent dies before judgment, a service of the notice of appeal on the attorney who represented him is entirely ineffectual; and if the death of the client deprives the attorney of authority to receive notice of appeal, it must of course end his authority to give such notice.

ID.—STATUTORY MODIFICATION OF RULE INAPPLICABLE—APPOINTMENT OF ADMINISTRATRIX BEFORE SERVICE OF NOTICES.—The statutory modification of the rule terminating the authority of the attorney by death, embodied in section 941b of the Code of Civil Procedure, enacted in 1907, providing that "in the event of the death of any person having at his death a right of appeal, the attorney of record representing the decedent in the court in which the judgment was rendered may appeal therefrom at any time before the appointment of an executor or administrator," is inapplicable, where an administratrix was appointed, and letters were issued to her before the filing of either of the notices of appeal.

ID.—IMMATERIAL ORDER REFUSING TO SUBSTITUTE ADMINISTRATRIX PENDING APPEALS.—No importance is to be attached to the circumstance that three months after the notices of appeal were filed, the court below denied a motion that the cause be continued in the name of the administratrix in place of the deceased plaintiff. If such order had been made, it could not validate prior notices of appeal given by persons without authority.

ID.—RESPONDENTS NOT ESTOPPED TO MOVE DISMISSAL OF APPEALS—PARTICIPATION NOT MISLEADING.—The respondents are not estopped to move to dismiss the appeals taken in the name of the decedent by his unauthorized attorneys, merely because they participated in the proceedings for a new trial and accepted service of the notices of appeal, where the motion for a new trial was properly made and the notices of appeal were shared in by other co-defendants, and the respondents were in no position to ignore or object to either proceeding, and their action in no way misled the opposing counsel or the administratrix.

ID.—MOTION TO DISMISS APPEALS OF LIVING CO-DEFENDANTS.—The court will not dismiss the appeals of living co-defendants on the ground that they have no interest in the action, where it would involve an examination of the entire record and of the merits of said appeals in advance of their hearing.

MOTION to dismiss appeals from a judgment of the Superior Court of San Benito County and from an order denying a new trial. M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

W. M. Gardner, W. C. Kennedy, and A. D. Shaw, for Appellants.

Briggs & Hudner, and H. W. Scott, for Respondents.

SLOSS, J.—The complaint alleged that a deed of certain mining property was made by defendants to E. E. Bray, and deposited in escrow; that the deed was, thereafter, fraudulently altered at the instance of defendants, and was, after its delivery, filed for record on behalf of the grantee, who was ignorant of the alteration. The plaintiff, claiming as successor in interest of E. E. Bray, sought a reformation of the deed. The defendants answered, denying the allegations of the complaint, and filed a cross-complaint by which they sought, as against Deiter, E. E. Bray and F. W. Bray, a decree that the deed and the agreement under which it was executed be declared null and void, and that the title of defendants to the property described in the deed be quieted. The court ordered the Brays brought in as parties.

Judgment went in favor of defendants in accordance with their prayer. This judgment was entered on May 8, 1909. Motion for new trial was denied on November 13, 1909. On November 5, 1909, there was filed a notice of appeal from the judgment and on November 19, 1909, a notice of appeal from the order denying a new trial. Each purported to be given in behalf of the plaintiff and the cross-defendants, and each was signed by the attorneys who had appeared for said plaintiff and cross-defendants in the action, the signatures being followed by the words "attorneys for plaintiff and cross-defendants."

The respondents move to dismiss both appeals as to all parties appellant.

The motion to dismiss the appeals of Deiter, the original plaintiff, is based on the ground that the attorneys giving the notices had no authority so to do. It appears, from the

showing made, that said plaintiff died on the twenty-seventh day of August, 1909, and that, on the seventeenth day of September, 1909, Mabel L. Deiter was, by an order of the superior court of Santa Cruz County, appointed administratrix of his estate. Letters of administration were issued to her four days later. No substitution of the administratrix has been made in the action, and none was applied for prior to the giving of notice of the motions now before us. The notices of appeal do not appear to have been given in pursuance of any order, authority, or direction from her, or in her behalf.

Upon this state of facts, it seems clear that this court is without jurisdiction to entertain the appeals purporting to have been taken by Deiter. His death terminated the authority of his attorneys to act for him. Applying this rule, it has frequently been held that, where the respondent dies after judgment, a service of notice of appeal on the attorney who has represented him is entirely ineffectual. (*Judson* v. *Love,* 35 Cal. 463; *Shartzer* v. *Love,* 40 Cal. 93; *Sheldon* v. *Dalton,* 57 Cal. 19; *Pedlar* v. *Stroud,* 116 Cal. 462, [48 Pac. 371]; *Estate of Turner,* 139 Cal. 85, [72 Pac. 718]; *Bell* v. *San Francisco Sav. Union,* 153 Cal. 64, [94 Pac. 225].) If death of the client deprives the attorney of authority to receive service of notice of appeal, it must, of course, end his authority to give such notice.

It is true, as claimed by counsel seeking to support the appeal, that this rule has been modified by the enactment, in 1907, of section 941b of the Code of Civil Procedure. That section provides that "in the event of the death of any person having at his death a right of appeal the attorney of record representing the decedent in the court in which the judgment was rendered may appeal therefrom at any time before the appointment of an executor or an administrator of the estate of the decedent." But the facts do not bring the case within the operation of this enactment. The right given is limited to the period prior to the appointment of a personal representative of the decedent. It is here shown that the administratrix was appointed and letters issued before the filing of either notice.

No importance is to be attached to the circumstance that on February 4, 1910, the court below denied a motion that

the cause be continued in the name of the administratrix in place of the deceased plaintiff. If such order had been made, it could not have operated to validate a prior notice of appeal given by persons who were without authority to give it.

We cannot assent to the proposition that the respondents by participating in the proceedings for new trial, and by accepting service of the notices of appeal, all without objection, are estopped to ask for a dismissal. The motion for new trial was properly made, and the notices of appeal properly given, by the cross-defendants other than Deiter, and the respondents were in no position to ignore either proceeding or to object to it. Furthermore, their action in no way misled the opposing counsel or the administratrix. In *Moyle* v. *Landers,* 78 Cal. 99, [12 Am. St. Rep. 22, 20 Pac. 241], the death of the respondent had been fraudulently concealed from the adverse party for the purpose of preventing an appeal. But there was nothing of the kind here. Deiter's administratrix and his attorneys were as well aware of the fact of his death as were the opposing counsel.

The motion to dismiss the appeals of the Brays is based on the ground that they have no interest in the action. The determination of this motion would require an examination of the entire record and of the merits of said appeals. We are not disposed to make such examination on a motion to dismiss presented in advance of a hearing on the merits. The motion may be renewed when the cause comes on for such hearing.

The motion to dismiss the appeals of Deiter from the judgment and from the order denying a new trial is granted.

The motion to dismiss the appeals of E. E. Bray and F. W. Bray is denied.

Angellotti, J., Lorigan, J., Shaw, J., and Melvin, J., concurred.