[Civ. No. 6702. Third Dist. July 23, 1942.]

BRYCE SWARTFAGER, Appellant, v. HENRY W. WELLS et al., Respondents.

524

Bryce Swartfager in pro per., and E. J. Dole for Appellant.

King & King for Respondents.

THE COURT.—The plaintiff, who is an attorney at law, appears in proper person in an appeal from a judgment which was rendered against him in a suit to quiet title to 200 acres of land in Napa County. The appellant holds a deed to the land, which was executed to him by his client, E. E. Morrison, former owner of the paper title thereto, pending the trial of a previous suit brought by Henry W. Wells to quiet title to said land, in which action Mr. Swartfager appeared as attorney for Mr. Morrison, who was a party defendant therein. Before judgment was rendered in the former action, Mr. Morrison died and the administrator of his estate, who was represented by an attorney other than this appellant, was duly substituted in the place of Morrison as a party defendant. With full knowledge of the proceedings in that previous suit, Mr. Swartfager made no application, as successor to the title held by Morrison, or otherwise, to be substituted or to be permitted to appear as a party defendant in that action. Judgment was rendered in the previous suit quieting title, by adverse possession, in this defendant Henry W. Wells. That decree became final. It was received in evidence on the trial of this suit and the court held it to be res judicata and conclusive of the issues herein, and that the grantee, Bryce Swartfager, has no right, title or interest in the land in question. Judgment was accordingly rendered against him. From that decree he has appealed. This appeal is presented on a bill of exceptions.

The facts which are necessary to consider in determining this appeal appear from the record as follows: E. E. Morrison was former owner of the record title to the 200-acre tract of land in Napa County, which is involved in this suit, subject to a mortgage held by Henry W. Wells, to secure a debt amounting to $5,500. In December, 1930, Wells commenced suit against Morrison and others to foreclose that mortgage. Bryce Swartfager appeared in that litigation as attorney for Mr. Morrison. That suit seems to have been abandoned. It was not finally terminated. The status of that case has no legal bearing on this appeal. It is not necessarily involved herein.

May 11, 1935, Henry W. Wells brought suit in Napa County against E. E. Morrison and others to quiet title to the said 200-acre tract of land. At the time of filing the complaint in that suit, the plaintiff recorded notice of *lis pendens,* pursuant to section 409 of the Code of Civil Procedure. June 14, 1935, this appellant, Bryce Swartfager, appeared as attorney for Mr. Morrison and filed therein his answer and cross-complaint, and he represented his client in all proceedings until November 16, 1936. It appears that on June 27, 1935, after Mr. Swartfager had appeared as attorney and had filed in that suit an answer and cross-complaint in behalf of Mr. Morrison, his client executed and delivered to him a deed to that property, described by Morrison as a quitclaim deed, which was not recorded until April 28, 1936. That deed was not called to the attention of the court until after the first suit to quiet title was completed. On November 16, 1936, E. E. Morrison died, and Mr. Swartfager's relationship as his attorney then ceased. Subsequently, on application of another lawyer, and upon proceedings duly had in the Superior Court of Napa County, Theodore J. Treadway was appointed and qualified as administrator of the estate of E. E. Morrison, deceased. On September 3, 1937, the administrator was substituted for E. E. Morrison, deceased, as a party to that action, under the provisions of section 385 of the Code of Civil Procedure. In the application for letters of administration, and in all subsequent proceedings, including the trial of the former suit to quiet title, the interest of E. E. Morrison, deceased, in said property, and of his heirs, was represented by W. W. Everett, Jr., as attorney for the administrator. By consent of all

parties to that action, it was regularly set for trial for September 3, 1937. Evidence was adduced by the respective parties. Notwithstanding the fact that Bryce Swartfager held the deed to said land, dated June 27, 1935, which was executed about a month after he appeared for Mr. Morrison and filed an answer in the former suit to quiet title, with full knowledge of all proceedings in that action, he failed to call the court's attention to that deed, or to make an application to become a party to that suit. Findings in that action were adopted favorable to the plaintiff in every respect. The court held that the plaintiff, Henry W. Wells, acquired title to said land by adverse possession thereof for a period of more than twenty years; that he was therefore the owner and entitled to possession, and that the heirs, the representatives of the defendant, E. E. Morrison, or any of the other defendants in that suit did not have any right, title or interest in the land. Judgment in that suit was thereupon rendered in favor of the plaintiff Wells, quieting title in him to said land. Subsequently, this appellant, Bryce Swartfager, appeared in that action and made two separate motions to set aside that decree on the ground that the court was without jurisdiction or authority to appoint Theodore J. Treadway as administrator of the estate of E. E. Morrison, deceased, or to substitute him as a party defendant in that suit. Both motions were denied. No appeal was taken from those orders. The decree quieting title in Henry W. Wells became final.

This suit was then instituted by Bryce Swartfager, on September 22, 1938, against Henry W. Wells, and his attorney and against the administrator of the estate of E. E. Morrison, to set aside the decree in the former action on the ground of fraud, and to quiet title to said land in the plaintiff, Bryce Swartfager, as successor in interest of the title of his deceased client, E. E. Morrison. Each of the defendants in this action separately answered the complaint. A cross-complaint was also filed in behalf of Mr. Wells, asking that title to the land be again quieted in him. He also pleaded the decree of the former action quieting title in him as a bar to this suit. On April 4, 1939, during the progress of this action, Mr. Wells died. The administrator of his estate was duly appointed and substituted in his stead as defendant in this suit. The decree and proceedings of the former action, together with other evidence, were received at the trial. The

court adopted findings favorable to the defendants and cross-complainant, and against the plaintiff, on every essential issue, including that of the alleged fraud, and it thereupon rendered a decree that plaintiff take nothing by his action and also quieting title to said land in the heirs of Henry W. Wells, deceased. From that judgment this appeal was perfected.

 The appellant contends that the judgment is not supported by the evidence for the reason that the former decree quieting title to the land in Henry W. Wells was procured, without notice to him, by means of fraud consisting of securing the appointment and substitution of an administrator of the estate of E. E. Morrison, deceased, through the representation of another attorney, and in prosecuting that suit to final judgment, with full knowledge that Bryce Swartfager then held a deed to the property, executed by his client after the commencement of the suit, rendering that judgment void, and that, since Morrison's interest in the land was transferred to this appellant after the commencement of that action, it was not necessary, under section 385 of the Code of Civil Procedure, that the grantee be substituted as a party defendant, but, on the contrary, that that section authorizes the continuation of the suit "in the name of the original party."

We are of the opinion the findings and judgment in the present case are adequately supported by the evidence. The judgment and proceedings in the former suit quieting title to the same real property which is here involved, in Henry W. Wells against this appellant's predecessor in title, were properly received in evidence. (*Riverside Land & Irr. Co.* v. *Jensen,* 108 Cal. 146 [41 Pac. 40].) That judgment is *res judicata* of the appellant's claim of title, in the present action, and it became a bar to this proceeding. This suit constitutes a collateral attack upon that judgment which, under the circumstances of this case, is controlling upon the appellant.

 The previous cause of action to quiet title to the real property in question, which was filed May 11, 1935, did not abate on account of the death during the pendency of that suit of the defendant, E. E. Morrison. (§ 385, Code Civ. Proc.; *Miller* v. *Bank of America N. T. & Sav. Assoc.,* 52 Cal. App. (2d) 512 [126 P. (2d) 444].) The death of Mr. Morrison, however, absolutely terminated the authority of this

appellant, Bryce Swartfager, to represent him, as attorney in that suit. (*Deiter* v. *Kiser*, 158 Cal. 259 [110 Pac. 921] ; 3 Cal. Jur. 631, § 40.) In the text last cited it is said in that regard :

"The authority of an attorney necessarily ceases with the death of the client, for no one can act for a dead man. After the death of the client, his attorney therefore becomes a stranger to the proceedings."

As a grantee of the interest of Mr. Morrison in the real property, Bryce Swartfager might have moved the court for substitution as a party defendant in that action, in the place of his former client, but he failed to do so. The relationship of attorney for his deceased client having ceased, the appellant may not complain of a lack of personal notice of the subsequent application for letters of administration of the estate of E. E. Morrison or of the selection of another attorney to represent the estate. The administrator had a perfect right to select his own lawyer. (5 Am. Jur. 279, § 30.) The administrator, having been duly substituted as a party defendant, had authority to consent to the trial of the case. That stipulation was made. The cause was regularly tried and the administrator appeared and participated therein. Findings were adopted against the administrator and favorable to Henry W. Wells, the plaintiff in that action. Judgment was rendered accordingly. That judgment became final.

The remaining question is whether this appellant Bryce Swartfager, as successor in title to E. E. Morrison, deceased, by a deed of conveyance which was executed to him after the commencement of the former action and after the filing of a *lis pendens* therein, is bound by that decree.

We are of the opinion this appellant is bound by the judgment in the former suit quieting title to the real property in Henry W. Wells, for the reason that his interest therein is in privity with that of his client, E. E. Morrison, since he acquired it by deed subsequent to the commencement of that action and after the *lis pendens* was filed therein. (§ 1214, Civ. Code; § 1908, Code Civ. Proc.; *Warnock* v. *Harlow,* 96 Cal. 298 [31 Pac. 166] ; 22 Cal. Jur. 195, § 62; 15 Cal. Jur. 95, § 165 ; 25 Cal. L. Rev. 480 ; 30 Am. Jur. 959, §§ 226, 227.) In the text last cited it is said regarding the conclusiveness of a judgment upon the grantee of property under such circumstances :

"In the absence of the applicability of a statutory provision requiring a different result, the general rule is that although one to whom an assignment is made or property is granted by a party to an action during the pendency thereof *is regarded as in privity with such party* within the meaning of the doctrine of *res judicata,* a judgment is regarded as conclusive only between the parties and their successors in interest by title acquired subsequent to the commencement of the action, so that a person to whom a party to an action has made an assignment or granted property or an interest therein before the commencement of the action is not regarded as in privity with the assignor or grantor so as to be affected by a judgment rendered against the assignor or grantor in the subsequent action." (Italics added.)

In 15 California Jurisprudence, page 185, section 216, it is said:

"Judgments affecting title are conclusive against the holders of prior conveyances and mortgages which were not recorded before the *lis pendens.*"

The preceding text, which is supported by numerous authorities, is a mere statement of the principle declared in section 1214 of the Civil Code, which provides that:

"Every conveyance of real property . . . is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, *whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action.*" (Italics added.)

Conversely, the statement of the foregoing section is equally true that when the subsequent deed to real property is not "recorded prior to the record of the notice of action," a judgment affecting that title is not void even though the subsequent purchaser acquired the property "in good faith and for a valuable consideration." That clearly means that a judgment quieting title to real property is absolutely controlling against one, though not a party to the action, who acquires from a party thereto a deed to that property subsequent to the commencement of the suit and after the recording of the *lis pendens.*

In the present case, the appellant not only took his deed of conveyance to the property in question after the filing of the *lis pendens* pursuant to section 409 of the Code of Civil

Procedure, but he also had actual notice of the pendency of that action, for he appeared as attorney in behalf of his own client and represented him until the time of his death. In 30 American Jurisprudence, page 954, section 222, it is said:

"With regard to the persons in whose favor or against whom the doctrine of *res judicata* is applicable, the rule is well settled that a judgment is binding upon all parties to the proceedings in which it is rendered, and their privies. In the strict sense of the term, parties to a judgment in the eye of the law are those only who are named as such in the record, and are properly served with process, or enter their appearance, but the term 'parties,' within the contemplation of the rule of *res judicata,* is sometimes extended beyond the mere nominal parties to the record."

This is a clear case in which the preceding rule is extended to include as a party who is bound by the judgment one who claims title to real property as a grantee by deed secured from his client during the pendency of a former case in which he represented the grantor.

The judgment is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied September 21, 1942.