[L. A. No. 18820. In Bank. June 26, 1945.]

RALPH B. SMITH et al., Appellants, v. BEAR VALLEY MILLING & LUMBER COMPANY (a Corporation) et al., Respondents.

A. V. Falcone and Martin C. Casey for Appellants.

Charles A. Bank for Respondents.

Surr & Hellyer as Amici Curiae on behalf of Respondents.

SCHAUER, J.—The pivotal issue on this appeal is the legal sufficiency of the evidence to support an order of the trial court dismissing plaintiffs' action as against all except one of the defendants. The defendants who were named in the complaint and who appeared are Bear Valley Milling & Lumber Co., a corporation (hereinafter termed Bear Valley Co.); Big Bear Land and Water Co., Inc., a corporation (hereinafter termed Big Bear Co.); Guy S. Maltby (now deceased); and Security Title Insurance and Guarantee Company, a corporation (hereinafter termed the title company).

The order of dismissal, from which the prevailing appeal is taken,[1] is based upon the second sentence of section 583 of the Code of Civil Procedure, which reads: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, *except where the parties have stipulated in writing that the time may be extended.*" (Italics added.)

---

[1] Plaintiffs also appeal from an order denying their motion to vacate the order of dismissal, as hereinafter noted.

There is no question that the action was not tried within five years after it was filed. The controversy centers upon the factual question as to whether, in respect to the particular delay which is the basis of the dismissal, the parties ''stipulated *in writing* that the time may be extended.'' The words ''in writing'' are italicized in the foregoing sentence in order more clearly to indicate the real issue. It is established by the affidavits of both of the participating attorneys that a stipulation extending time to include the delay in question was in fact entered into by and between one of the attorneys for the plaintiffs and the attorney for the defendants Bear Valley Co. and Big Bear Co., and the disputed issue lies only in the question as to whether such stipulation is ''in writing'' within the meaning of the above quoted language from section 583 of the Code of Civil Procedure.

Examination of the record discloses that the action was commenced on November 8, 1937; that the five years expired on November 8, 1942; that the parties did stipulate in writing (on October 28, 1942) that the time of trial should be extended for a specified (or ascertainable) term beyond the five-year period; i. e., ''that the above action may be tried on December 10, 1942, or if said date is not convenient for the calendar of the above Court upon the first available date thereafter''; that under such stipulation the court set March 10, 1943, as the trial date; that prior to the expiration of such extension (on February 10, 1943) it was orally agreed by and between one of the attorneys for the plaintiffs and counsel for the defendants Bear Valley Co. and Big Bear Co., at the solicitation of the latter, that the date of March 10 was not available to them (because of previously made engagements of their own) as the trial date and that the time of trial should be further extended to ''any time after April 15th.'' Although this oral agreement was not reduced to one writing denominated ''stipulation'' and signed by both counsel for plaintiffs and counsel for the participating defendants, and although the contracting attorney for the defendants subsequently endeavored ex parte to inject into the agreement a disavowal of its most important element—waiver of otherwise accruing rights under section 583 of the Code of Civil Procedure—the fact of the making of the agreement and the substance of its essential terms are evidenced by two writings (affidavits) which, al-

though separate (one is signed by the attorney for the plaintiffs and the other is signed by the attorney for the participating defendants), incontrovertibly establish the meeting of the minds of the contracting attorneys in their agreement to extend the time for trial of the action. These writings were before the trial court both at the time the postponement was ordered and at the time the motion to dismiss was heard. In the light of the facts established thereby, and for the reasons hereinafter more fully expressed, we feel impelled to hold that it was error to dismiss the action as to the defendants Bear Valley Co. and Big Bear Co.

### CHRONOLOGY OF MATERIAL FACTS

The complete chronology of material events leading up to the order of dismissal is as follows:

*November 8, 1937.* Original Complaint filed.

*May 9, 1940.* Third Amended Complaint filed.

*May 18, 1940.* Defendant title company filed answer to Third Amended Complaint.

*April 21, 1941.* Defendant Bear Valley Co. filed answer to Third Amended Complaint.

*April 25, 1941.* Written stipulation (dated April 18, 1941) filed, to effect that above mentioned answer be deemed the answer also of defendants Big Bear Co. and Guy S. Maltby.

*October 4, 1941.* Defendant Maltby died.

*October 27, 1942.* Plaintiffs learned of death of defendant Maltby.

*November 4, 1942.* Written stipulation (dated October 28, 1942) between plaintiffs and defendants Bear Valley Co. and Big Bear Co. filed; provides "that the above action may be tried on December 10, 1942, or if said date is not convenient for the calendar of the above Court upon the first available date thereafter."

*November 8, 1942.* Five years elapsed from filing of action.

*November 9, 1942.* Written stipulation (dated November 2, 1942) between plaintiffs and defendant title company filed; provides same as stipulation filed November 4, 1942.

*February 1, 1943.* Court set case for trial on March 10, 1943.

*February 10, 1943.* Oral agreement (evidenced by subsequent writings) made by and between attorney for plaintiffs and attorney for defendants Bear Valley Co. and Big Bear

Co., at request of latter attorney, that trial scheduled for March 10 should be continued to ''any time after April 15th,'' provided that ''Approval for continuance from the attorney of record for codefendant Security Title Insurance and Guarantee Company'' should be secured.

*March 8, 1943.* Written stipulation (dated March 4, 1943) between plaintiffs and defendant title company, as agreed upon in the oral stipulation above set forth, filed; provides ''that the trial of the above action may be continued from the date now set therefor, March 10, 1943, to the earliest date convenient to the calendar of the above Court after April 15, 1943.''

*March 8, 1943* (continued). Written document denominated ''stipulation'' (dated March 4, 1943) signed by attorney on behalf of defendant Big Bear Co. only, filed; provides ''that the above case need not be tried on the 10th day of March, 1943, as now scheduled; that the said Charles A. Bank, Esq. [attorney for both the defendant Bear Valley Co. and the defendant Big Bear Co.], has no conflicting engagements subsequent to April 15th, 1943, which would prevent him from appearing in any trial of the above case.; That this stipulation is given upon the express understanding: . . . *That by the foregoing Stipulation, no rights or privileges of any kind accruing to said defendant, Big Bear Land and Water Co., Inc., under and pursuant to the provisions of Section 583 of the Code of Civil Procedure, are affected, waived or prejudiced; and that same shall not be construed; or that the foregoing Stipulation constitutes or shall be construed as a Stipulation that time of trial may be extended.''* (Italics added.) This proposed stipulation was on March 4, submitted to, but was not accepted by, plaintiffs for the reason that, admittedly, as appears from the affidavits of both the participating attorneys there had been gratuitously injected into it the italicized matter, stating a material condition which had not been included in, and was directly contrary to the spirit and purpose of, the earlier oral agreement.

*March 8, 1943* (continued). Plaintiffs filed ''Notice of Motion for Continuance of Trial'' from the date set therefor (March 10, 1943) ''to the earliest date available therefor after April 15, 1943,'' together with supporting affidavit. In such supporting affidavit plaintiffs' attorney averred, among other things, ''That the above action has been set for trial on March

10, 1943. That on February 10, 1943, Charles A. Bank, counsel of record for Defendants, Bear Valley Milling & Lumber Co., a Corporation; Big Bear Land and Water Company, a corporation; and Guy S. Maltby, telephoned affiant and stated that he had been advised that the above action had been set for trial on March 10, 1943 [this was pursuant to the prior written stipulation], but that he could not try the case until sometime after April 15, 1943, and that any date thereafter would be agreeable to him and requested a continuance of said trial. That affiant advised him that he would not object to a continuance if a stipulation were obtained from counsel for Security Title Insurance and Guarantee Company, a corporation, another Defendant in the above action. That Bank then advised affiant that he would procure such a stipulation and communicate with affiant immediately." In an "Answering Affidavit re Motion for Continuance of Trial," the attorney for defendants Bear Valley Co. and Big Bear Co. (who originally represented also defendant Maltby) stated substantially the same material facts in the following language: "That in the early part of February, 1943, affiant received through the mail, copy of printed trial calendar issued out of the above court, in which it appeared that the above case was set to be tried on March 10th, 1943 [as previously noted this was the date set by the trial court under the first written stipulation extending the time of trial beyond the five-year period]; thereupon affiant called the said Falcone [counsel for plaintiffs] on the telephone, stating that he had received such notice, and further stating that if the case was to be tried, affiant's trial calendar was such that he *could not try it on the scheduled date, but that any time after April 15th was agreeable to affiant as and for a trial date;* At the time of the conversation, the said Falcone apparently had not learned of said scheduled trial date, and stated that such date likewise was inconvenient for him; that he could see no objection to a continuance of the trial date provided affiant would secure approval for continuance from the attorney of record for codefendant Security Title Insurance and Guarantee Company, a corporation, which affiant stated he would attempt to do; . . . That at no time has affiant opposed any continuance, sought or desired by plaintiffs; *that affiant is not endeavoring to force*

*said case on for trial on March 10th and is not opposing the continuance sought by plaintiffs. . . .''* (Italics added.) The stipulation from the attorney for the codefendant title company, which provided ''that the trial . . . may be continued from the date now set therefor, March 10, 1943, to the earliest date convenient to the calendar of the above Court after April 15, 1943,'' was procured and filed, as hereinabove noted.

*March 10, 1943* (date for which court, on February 1, 1943, set case for trial). Minute order of court recites that the parties were present by their respective attorneys, and that plaintiffs' attorney ''on behalf of plaintiffs, moves the Court for order continuing said action for trial. Motion is granted, and the action is ordered restored to the civil active list.''

*May 3, 1943.* Court set case for trial on June 9, 1943.

*May 10, 1943.* Notice of motion (and acknowledgment by plaintiffs' attorney of receipt of copy thereof) filed by administrator with the will annexed of the estate of defendant Maltby. Such notice recites that on May 17, 1943, the administrator ''will move the . . . court, first, that . . . [this] action be dismissed, and, second, that said action be dismissed as to the defendant Guy S. Maltby. Said motions will be made upon the ground that said action has not been brought to trial within five years after it was filed. . . .''

*May 17, 1943,* at 2:00 p. m. Court granted motion to dismiss. The parties present were plaintiffs ''by Attorney Martin Casey and the Defendant [administrator] . . . by Attorney John B. Surr.''

*May 19, 1943.* Court's written order of dismissal as to all defendants except the title company filed; recites that such dismissal was ordered upon the motion of Maltby's administrator ''and upon this Court's own motion.''

*June 1, 1943.* Plaintiffs presented to court (and court denied) their motion to vacate the order of dismissal (of May 17, 1943) on the ground, in substance, among others, that the record showed that the parties had in fact stipulated in writing to an extension of time beyond April 15, 1943.

NEW MATTER OFFERED IN SUPPORT OF
MOTION TO VACATE ORDER OF DISMISSAL

In addition to the matters and records which were before the trial court at the time the motion to dismiss was heard, it was shown on the hearing of the motion to vacate such order of dismissal that on the same day that the court ordered the

action dismissed (May 17, 1943), the attorney for defendant Big Bear Co. mailed to plaintiffs' attorneys a "Notice of Motion for Leave to File Amended Answer and Supplemental Answer" on behalf of such defendant, together with a copy of an affidavit of the attorney for such defendant in support of the motion and a copy of each of the proposed new pleadings. The originals of the affidavit and of the proposed pleadings were filed in court on May 24, 1943; the date of filing of the original of the notice does not appear in the record. The copies mailed to plaintiffs' attorneys were received by them on May 18, 1943; on the same day the attorney for defendant Big Bear Co. received a copy of the court order dismissing the action as to all defendants except the title company. In the affidavit in support of the motion for leave to file the additional pleadings it is recited "that the above cause is at issue under plaintiffs' Third Amended Complaint; . . . that the above case is now scheduled to be tried on June 9th, 1943."

## THE DISMISSAL AS TO DEFENDANTS BEAR VALLEY CO. AND BIG BEAR CO.

The parties agree that the stipulation filed November 4, 1942, to the effect "that the above action may be tried on December 10, 1942, or if said date is not convenient for the calendar of the above Court upon the first available date thereafter" operated to extend the five-year period specified by section 583 of the Code of Civil Procedure to the date (March 10, 1943) which the court pursuant to such stipulation set for the trial. Such stipulation, however, probably did not, in and by itself, effect a waiver of the right of defendants to (or preclude the court on its own motion from ordering) a dismissal if the case did not go to trial upon the date set. (See *City of Los Angeles* v. *Superior Court* (1921), 185 Cal. 405, 409-410 [197 P. 79]; *Miller & Lux Inc.* v. *Superior Court* (1923), 192 Cal. 333, 337-338 [219 P. 1006]; *Mercantile Invest. Co.* v. *Superior Court* (1933), 218 Cal. 770, 773 [25 P.2d 12].) Although it seems apparent that the attorneys were, in effect, proceeding under the stipulation of November 4, 1942, in trying to secure a trial date which was acceptable or "available" under their own schedules as well as convenient to the court's calendar, we shall assume that unless there was a stipulation in writing for a further extension of the five-year period it was mandatory upon the court to dismiss the action either on motion of a defendant, after due notice to the plaintiffs, or

upon its own motion. (See *Miller & Lux Inc.* v. *Superior Court* (1923), *supra,* p. 338 of 192 Cal., and cases there cited.)

That there was, however, a further stipulation "in writing," within the reasonable meaning of section 583, seems to be incontrovertibly established. All of the negotiations of the parties through their attorneys and the various writings signed by them, severally or jointly, were before the trial court. And such negotiations and writings having been had and made by the attorneys in the light of, and in reference to, the stipulation of November 4, 1942, we must bear that stipulation in mind in construing the mentioned acts and writings. Such stipulation is dated October 28, 1942 (filed November 4, 1942); it is signed by the attorney for the plaintiffs and by the attorney for the defendants Bear Valley Co. and Big Bear Co.; therein, as previously stated, it was agreed "that the above action may be tried on December 10, 1942, or if said date is not convenient for the calendar of the above Court *upon the first available date thereafter.*" (Italics added.) The attorney for the defendants signed his name above the description "Attorney for defendants Bear Valley Milling & Lumber Co., a corporation and Big Bear Land & Water Company, a corporation." The court's records show that pursuant to such stipulation the trial date was set as March 10, 1943. There were before such trial court, at the time the postponement for the date subsequent to March 10, was ordered, the sworn statements of both the attorney for the plaintiffs and the attorney for the two last mentioned defendants, hereinabove quoted in material parts, establishing without question the fact that on or about February 10, 1943, such attorneys had orally stipulated, at the request of the attorney for the defendants, because his "trial calendar was such that he could not try it on the scheduled date," that the trial date should be continued to "any time after April 15th," provided that "approval for continuance from the attorney of record for co-defendant Security Title Insurance and Guarantee Company" should be secured; there was also before the court the original record showing that the approval of the attorney of record for the defendant title company had in fact been procured—the written stipulation on behalf of that defendant was on file—and there was also on file the unilateral "stipulation" signed by the attorney for Bear Valley Co. and Big Bear Co. in which, although he was in fact

the attorney of record for both Bear Valley Co. and Big Bear Co., he attempted to limit his appearance to a representation of only the defendant Big Bear Co., and, while agreeing ''that the above case need not be tried on the 10th day of March, 1943, as now scheduled'' and stating that he ''has no conflict-ing engagements subsequent to April 15th, 1943, which would prevent him from appearing in any trial of the above case,'' he for the first time endeavored to inject into the stipulation a condition which his own affidavit shows had not been in-cluded in the oral agreement made at his request and which new condition was so completely contrary to the most mate-rial object of the oral stipulation (and the legitimate object of the proffered written stipulation) as to substantially destroy it if accepted. A stipulation to extend the time of trial be-yond the five-year period necessarily waives the right to a dismissal of the action under section 583 which would other-wise accrue because of such delay. Such a stipulation is bas-ically inconsistent with a reservation of such rights. If the stipulation in writing is made, in compliance with the statute, not only do the partes thereto waive their rights to a dis-missal based on the agreed postponement but they preclude the court from granting of its own motion a dismissal based on the agreed delay.

In *Miller & Lux Inc.* v. *Superior Court* (1923), *supra,* 192 Cal. 333, it is said that (p. 338) ''An examination of the cases construing section 583, *supra,* discloses that no case de-cided by this court has held that anything short of a written stipulation extending in express terms the time of trial to a date beyond the five-year period, or expressly waiving the right to a dismissal under that section, will suffice to toll the running of the statutory time. . . . [P. 340] The provision that a written stipulation be entered into was intended to pre-clude all disputes, with their attendant charges and counter-charges of overreaching and unethical conduct, by a require-ment that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties.''

The case before us is unique in that while the attorneys for the parties (plaintiffs, and defendants Bear Valley Co. and Big Bear Co.) did not actually join in signing a docu-ment bearing the label ''stipulation'' and covering the pre-cise postponement which is made the basis of the dismissal, it does appear by ''uncontrovertible evidence''—the stipula-

tions and affidavits of such attorneys, which affidavits are not in dispute on the essential facts—that such attorneys did in fact agree that the trial date set by the court under the first written stipulation was not available to them, because of their own previous engagements, and that the time of trial should be extended to a date subsequent to April 15. Although such agreement was originally oral its essential terms were, in effect, prior to the postponement, reduced to writing, in that they were evidenced without substantial dispute by separate writings signed by the respective contracting attorneys and filed with the court to be considered together in passing on the motion. Such oral stipulation so evidenced by the writings was, as above indicated, inherently related to the prior stipulation which was in writing and on file and to the procurement of a date for the trial which would be convenient or "available" to the attorneys in respect to their own calendars as well as one which would be convenient to and available from the court, in place of the date originally set by the court under the first stipulation, which first set date was not available to such attorneys because of their own engagements. The later stipulation was conditioned upon, and only upon, the procurement of a written stipulation for the proposed postponement from another defendant appearing separately, and that written stipulation from such other defendant was procured and filed. The attorney for the defendants, whose action initiated the proceedings for the postponement, after the terms of his proposed and accepted stipulation were admittedly fully met, endeavored ex parte to inject into the agreement, when reducing it to a writing of conventional stipulation form, a condition or reservation which would have substantially destroyed a principal object of the stipulation, and to that end he filed the document denominated "stipulation," which on its face purported to be a unilateral consent on behalf of one defendant to an extension of the time for trial but which also purported to reserve the very rights which were intended to be waived by the stipulation originally agreed upon. Yet contemporaneously with the filing of such unilateral "stipulation" he made the terms of the actual agreement and its relationship to the first written and admittedly valid stipulation appear by his own affidavit. And it is noteworthy that such "affidavit" not only alleges the facts as to the prior oral stipulation but avers as of the time of filing it "that affiant is not endeavoring to force said case on

for trial on March 10th and is not opposing the continuance sought by plaintiffs''—sought by plaintiffs, it will be remembered, at the request of the attorney for the defendants and in reliance upon his agreement.

There is nothing particularly sacrosanct in the word "stipulation" which distinguishes it from any other contract or agreement. Here the agreement was made in fact; it relates, as above set forth, to the admittedly valid first stipulation; and it is evidenced by writings signed by both the contracting attorneys. Under such circumstances it would belie the substance of truth and ravage justice to say that the extension of time was not stipulated to or that such stipulation is not "in writing" within the reasonable contemplation of section 583 of the Code of Civil Procedure. Hence it was error to dismiss the action as to the defendants Bear Valley Co. and Big Bear Co.

### THE DISMISSAL AS TO DEFENDANT MALTBY AND HIS ADMINISTRATOR

As stated hereinabove, defendant Maltby died on October 4, 1941, and approximately one year later plaintiffs learned of his death. During his lifetime Maltby had been represented in the litigation by the same attorney who appeared for the defendants Bear Valley Co. and Big Bear Co. but the authority to represent Maltby did not extend beyond his lifetime. (*Deiter* v. *Kiser* (1910), 158 Cal. 259, 262 [110 P. 921]; *Swartfager* v. *Wells* (1942), 53 Cal.App.2d 522, 528 [128 P.2d 128].) No action was ever taken either by plaintiffs or by any other person to substitute Maltby's administrator as a party defendant (see Code Civ. Proc., § 385). It was upon the motion of such personal representative that the matter of dismissal of the action pursuant to the provisions of section 583 of the Code of Civil Procedure was first brought to the attention of the court. Although plaintiffs make no claim that a stipulation, written or otherwise, was ever executed by either Maltby or his administrator which would operate to extend the five-year period specified by section 583, plaintiffs do assert that inasmuch as the personal representative had not been made a party to the action he could not properly move that it be dismissed. However, the manner in which the matter is brought to the attention of the court is immaterial; when the court becomes aware of the facts it must, if they come within the purview of the statute, dismiss the action. (*Miller & Lux Inc.* v. *Superior Court* (1923),

*supra,* 192 Cal. 333, 338-339; *Pacific States Corp.* v. *Grant* (1927), 87 Cal.App. 108 [261 P. 1100] ; *Turnbull* v. *Superior Court* (1932), 126 Cal.App. 141, 142-143 [14 P.2d 540].)

■ And it is established law that the five-year period is not interrupted by defendant's death. (*Larkin* v. *Superior Court* (1916), 171 Cal. 719, 724 [154 P. 841, Ann.Cas. 1917D 670].)

■ Plaintiffs argue further, however, that the court lacked authority to render a judgment either for or against Maltby in view of the fact of his death and the absence of substitution of his personal representative. Without entering into an extended consideration of the cases which discuss the propriety and effect of judgments rendered under such circumstances (see, e. g., *Phelan* v. *Tyler* (1883), 64 Cal. 80, 82 [28 P. 114] ; *Wallace* v. *Center* (1885), 67 Cal. 133 [7 P. 441] ; *Maxon* v. *Avery* (1939), 32 Cal.App.2d 300, 302 [89 P.2d 684] ; *Boyd* v. *Lancaster* (1939), 32 Cal.App.2d 574, 580 [90 P.2d 317] ), it is apparent that no prejudice has resulted to plaintiffs from the failure to order the substitution. Even had the substitution been made, the court would have had no alternative (in the absence of a written stipulation executed by the personal representative or his attorney) but to thereafter dismiss the action as to the substituted defendant. There is no suggestion that the personal representative would have executed or authorized such a stipulation. Consequently a reversal of the judgment as to defendant Maltby will not be ordered. (Cal. Const., art. VI, § 4½.)

For the reasons hereinabove stated the order of dismissal is reversed as to the defendants Bear Valley Milling & Lumber Co., a corporation, and Big Bear Land and Water Co., Inc., a corporation, and affirmed as to the defendant Guy S. Maltby. ■ Plaintiffs have also appealed from the order denying their motion to vacate the dismissal. Such appeal has become moot as to the defendants Bear Valley Milling & Lumber Co. and Big Bear Land and Water Co., Inc., by reason of our reversal of the order of dismissal, and, consequently, is dismissed as to them. The new matter adduced upon the presentation of such motion to vacate does not in any way alter the case as to the defendant Maltby and hence, as to him, for the same reasons which require affirmance of the order of dismissal, the order denying the motion to vacate such order of dismissal must be and is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.

EDMONDS, J.—I agree that the term "stipulated in writing" as used in section 583 of the Code of Civil Procedure should not be so narrowly construed as to exclude consents to a continuance contemporaneously executed by each attorney in an action. But the record in the present case shows facts from which it conclusively appears that no written stipulation for a continuance was ever signed by counsel for the three defendants, and before the lapse of the five-year period, as extended by written stipulation, he refused to agree to any continuance as to two of them, and as representing the other, only agreed to an extension of time upon the condition that it should be without prejudice to the rights of his client to move for a dismissal of the action. Under these circumstances I see no basis for the conclusion that there was a stipulation satisfying the statutory requirement.

The affidavit of A. V. Falcone, representing the plaintiffs, which was filed on March 8th in support of his motion for a continuance subsequent to March 10th, the trial date fixed by stipulation of the parties, does not charge that Charles A. Bank, counsel for the defendants, at any time unqualifiedly agreed to a postponement. Falcone related a conversation with Bank which occurred on February 10th when Bank requested a continuance. At that time according, to the affidavit, Falcone agreed to the postponement upon condition that a stipulation extending the time was also signed by counsel for the defendant title company and Bank agreed to procure its consent.

Following this conversation, Falcone sent Bank a stipulation in the ordinary form which the latter refused to sign, stating, in a letter received by Falcone on March 3d, a week before the date of trial as previously extended in writing by the parties, that he had no authority to do so. In a telephone conversation with Falcone on that day, Bank explained his statement by saying that he expected other attorneys would be substituted for him as counsel for two of the three defendants whom he then represented, but on behalf of Big Bear Land and Water Company only, he would sign the stipulation sent by Falcone.

As the promised stipulation was not received on the following day, March 4th, the affidavit continues, Falcone again

telephoned to Bank ''and asked him why he had not kept his word and Bank told affiant that he was changing the language of said stipulation and would not sign it in the form in which it had been submitted; . . . that Bank's secretary read what was supposed to be Bank's dictated form of stipulation. . . .''

The affidavit of Bank states the facts almost exactly as they are related by Falcone. As the story is told in this affidavit, in a telephone conversation with Falcone on March 3d, Falcone requested him to sign the tendered stipulation on behalf of Big Bear Land and Water Company, ''which affiant' promised to do; on the same date affiant dictated . . . stipulation for continuance on behalf of'' that defendant only which recited that the extension of time was given ''upon the express understanding: . . . That . . . no rights or privileges . . . under and pursuant to the provisions of Section 583 of the Code of Civil Procedure, are affected, waived or prejudiced; and that same shall not be construed . . . as a Stipulation that time of trial may be extended.''

Accepting as true each statement made by Falcone, it appears that Bank never agreed to sign a stipulation for a continuance on behalf of the three defendants whom he then represented but that he promised to do so as the attorney for one of them. However, this promise was repudiated six days before March 10th, the date upon which the case was then set for trial, and Falcone was then informed by Bank that only a conditional stipulation would be signed. Otherwise stated, the facts show that six days before the date of the trial which was within the five-year period, as extended in writing by the parties, Falcone knew that Bank would not join in any stipulation for two of the defendants and that, on behalf of the other, he consented to a continuance specifically reserving the right to move for a dismissal of the action.

Under these circumstances, I see no basis whatever for the conclusion of Mr. Justice Schauer that the essential terms of the oral agreement ''were, in effect, prior to the postponement reduced to writing, in that they were evidenced without substantial dispute by separate writings signed by the respective contracting attorneys.'' On the contrary, they show, at the most, an oral promise for a continuance which was repudi-

ated at least six days before the expiration of the five years, as extended in writing by the parties, within which the action was required to be tried. And even if it may be said that in their telephone conversation of February 10th, the attorneys reached an agreement for a continuance, this was an oral understanding not meeting the requirements of the statute and according to Falcone's statements of the later occurrences, expressly disavowed by Bank a few days later.

For these reasons, in my opinion, the order made by the trial judge upon the hearing of the motion to dismiss should be affirmed. Certainly the uncontradicted facts, as stated in the affidavits, do not justify a reversal of that determination.