[Civ. No. 6733.   Third Dist.   June 5, 1942.]

J. M. MILLER et al., Appellants, v. BANK OF AMER-
ICA NATIONAL TRUST AND SAVINGS ASSOCIA-
TION (a National Banking Association) et al., Respon-
dents.

Elmer W. Armfield and Arthur B. Eddy for Appellants.

Louis Ferrari, G. D. Schilling, D. Bianco, C. H. White, Hugh L. Preston, W. P. Rich and Rich, Weis & Carlin for Respondents.

THE COURT.—The respondents moved this court to dismiss an appeal from a judgment of the Superior Court of Yolo County on the ground that it abated as to the interest of J. M. Miller on account of his death, which occurred before the judgment was entered. The appellant then moved this court to substitute, as party plaintiff, Robert Powell, the assignee of Miller's interest. Both motions were heard on affidavits. The cause was not submitted on the merits of the appeal.

The facts upon which the appeal to this court was perfected occurred as follows: The defendant, Chico Production Credit Association, the lienholder of certain warehouse receipts, for a quantity of grain, delivered them to the Bank of America National Trust and Savings Association, with written instructions to sell the grain to designated dealers for a specified sum of money, and to pay said lienholder from the proceeds of sale the sum of $240.09, and to remit the balance directly to the owner, L. M. Miller. The bank sold the grain and paid the lienholder said sum of $240.09, as directed, but refused to remit to the owner any portion of the balance of the proceeds of sale. On the contrary, the bank retained and applied the balance of said money toward the satisfaction of an outlawed judgment which the bank then held against L. M. Miller and

others. It does not appear that, at the time of that transaction, L. M. Miller was either a customer of, or a depositor in, that bank. This suit for conversion of the funds was then commenced.

Before the commencement of this action, the claim of L. M. Miller was duly sold and assigned to the original plaintiffs, J. M. Miller and Robert Powell, for "a valuable consideration." During the trial, a nonsuit was granted with respect to the lienholder of the warehouse receipts, Chico Production Credit Association, which was an original party defendant. An appeal from the order for nonsuit was promptly perfected by the plaintiffs. That separate appeal is now pending. After completion of the trial and submission of the cause on its merits, the court entered a minute order to the effect that judgment would be granted against the plaintiffs, and directed findings to be prepared accordingly.

On February 16, 1939, before the findings were adopted, the plaintiff, J. M. Miller, died. His death was not called to the attention of the court. Findings were not adopted or filed until November 15, 1940. In the meantime the will of J. M. Miller, deceased, was admitted to probate and Varletta Megonigal was appointed and qualified as executrix of the will. On December 16, 1940, distribution of the estate was made. By the terms of that decree, "for value received," the entire interest of the estate in this suit for conversion was distributed March 21, 1941, to Varletta Megonigal, as trustee, with full power to sell or convey the chose in action. She subsequently sold and conveyed that interest to this appellant, Robert Powell. After that transfer of title to the chose in action, judgment was rendered against plaintiffs. It was entered on March 28, 1941. On the following day, notice of appeal from that judgment was served and filed by the plaintiff Robert Powell in behalf of both plaintiffs.

October 31, 1941, the bank filed in this court its notice of motion to dismiss the appeal as to the deceased plaintiff, J. M. Miller, on the ground that the action abated as to the subject-matter of the suit with respect to the interest of the deceased at the time of his death, no substitution having been made or authorized as provided by section 385 of the Code of Civil Procedure. Thereupon, the plaintiff, Robert Powell, filed in this court his opposition to the motion to dismiss the appeal, and also filed notice of motion to substitute himself for the deceased, pursuant to the assignment of property interest heretofore mentioned. Both motions were supported by affi-

davits in behalf of the respective parties and submitted for determination. The cause was not submitted on the merits of the appeal.

■ Respondents' motion to dismiss the appeal as to the former interest of the deceased, J. M. Miller, is denied. This cause of action did not abate at the death of J. M. Miller, nor did it lapse upon sale and transfer of his interest in the suit to Robert Powell. Section 385 of the Code of Civil Procedure provides:

"An action or proceeding does not abate by the death, or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

■ Since the action did not abate and the entire interest of the decedent in the property involved in this suit was purchased and acquired by the joint owner and co-plaintiff, Robert Powell, before the rendering and entry of judgment, the assignee alone had the right to give notice of appeal therefrom. The entire title to the property right of the deceased in the pending litigation having passed to Powell before the judgment was rendered or entered, neither the executrix nor the trustee of the estate had authority to take the appeal. It is true that section 941 of the Code of Civil Procedure authorizes the attorney of record, who represents a litigant in a pending proceeding, to give notice of appeal, in the event of the death of his client, "at any time before the appointment of an executor" when the litigant, at the time of his death, had "a right of appeal." A litigant has no "right of appeal" until the judgment is actually rendered. (§ 963, Code Civ. Proc.) In the present case, since the judgment was not rendered until March 28, 1941, and the entire interest therein had been previously transferred to Powell, the executrix had no authority to appeal. ■ Under section 385 of the Code of Civil Procedure, "In case of the death . . . of a party, the court, on motion, *may* allow the action or proceeding to be continued *by or against* his representative or successor in interest." (Italics ours.) Apparently the last-quoted language would

not authorize the substitution of the executrix under the circumstances of this case, for the reason that she had sold and transferred the interest of the estate of Powell, who was already a party plaintiff. She therefore no longer represented the deceased with respect to that interest, either as executrix or as trustee. The estate no longer possessed an interest in that chose in action. The plaintiff, Powell, was the only person who was entitled to represent that interest in the pending litigation after he acquired title thereto by purchase and assignment. The last paragraph of section 385 provides that "In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding." We assume the language of that section means that when a transfer of interest in the subject-matter of a pending suit is made by a living party to a stranger to the action, or to another person by virtue of the death of a party to the action, the suit may be properly continued in the name of the original party, or, if the estate of the deceased party still claims an interest in the litigation, the court may properly substitute the representative of the estate as a party to the action. But certainly there is nothing in the language of that section which requires the substitution of one already a party plaintiff, who, pending the trial, acquires by purchase and assignment the balance of the joint interest of his co-plaintiff, either from him in his lifetime, or from his executor or administrator in the event of his death.

The purpose of a substitution of parties to an action, in the event of death or the transfer of an interest, is that there may be some individual or entity to represent the transferred interest during the continuation of the litigation. When the interest is transferred during litigation, by death or by assignment to a stranger to the action, it follows that a substitution of parties should be made. But when one, who is already a party to the action, acquires the joint interest of his co-plaintiff during the litigation, by purchase and transfer from the owner in his lifetime, or from his estate after his death, there is neither reason nor statutory requirement that the surviving owner of that interest shall again be made a party to the action in order that he may represent his own interest in the litigation. By his death, the deceased party to the litigation is merely eliminated therefrom. The court does not thereby lose jurisdiction of the subject-matter. The surviving joint

owner of the property, under the circumstances of this case, has merely increased his holdings to include the entire property. It is therefore unnecessary that Powell should be substituted to enable him to continue the litigation.

■ The notice of appeal was given in this case in behalf of both Powell and the deceased. It may be conceded that the appeal was ineffectual so far as it purports to apply to the interest of the deceased party since the estate no longer has an interest in the litigation. But the notice of appeal authorized Powell to represent the entire interest in litigation.

The case of *Deiter* v. *Kiser*, 158 Cal. 259 [110 Pac. 921], relied upon by the respondent in support of its motion to dismiss the appeal as to Miller's interest, is not in point. In that case there was no transfer or assignment of the chose in action by the estate of Deiter. The entire interest remained in his estate. It belonged to the estate when the notice of appeal was taken. The court properly said that when Miller died his attorney lost authority to represent him in the action for any purpose.

■ The motion to dismiss the appeal as to the former interest of J. M. Miller, deceased, is denied. The motion to substitute Robert Powell as plaintiff in the place of said deceased is granted.