[Civ. No. 22094.   Second Dist., Div. Three.   Aug. 7, 1957.]

A. FOX, Appellant, v. BAXTER SHORTER et al., Respondents.

Thomas D. Mercola for Appellant.

John J. Bradley for Respondents.

VALLÉE, J.—Appeal by A. Fox from an order vacating: a default in an action for attorney's fees; the default judgment; and an execution sale.

It appears from the record that appellant A. Fox has no interest in the subject matter of the action and consequently that the appeal must be dismissed. Thomas D. Mercola, an attorney at law, asserting he had a claim against defendant for attorney's fees in the amount of $5,250, on July 8, 1954 assigned the claim to A. Fox. A. Fox then brought this action and had a writ of attachment issued and levied on realty. Summons was published and defendant's default entered on January 11, 1955.

On January 20, 1955, Fox assigned all of his right, title, and interest in the claim back to Thomas D. Mercola. On February 7, 1955, judgment by default was entered against defendant in the sum of $5,250 plus interest and costs. The assignment of January 20 was before the court and the judgment decrees: "It is adjudged that plaintiff's assignor, THOMAS D. MERCOLA recover of and from said defendant the sum of . . . $5,250.00. . . ." Thereafter the realty under attachment was sold on execution to Mercola for $2,500.

On February 28, 1956, the court on motion of Olivia Shorter, wife of defendant, as trustee of the estate of defendant, a missing person, vacated the default, the default judgment, and the execution sale.

A. Fox filed a notice of appeal from the order stating "The Plaintiff, A. Fox, hereby appeals to the District Court of Appeal, State of California, from that certain Order vacating default, default judgment and execution sale, made, rendered and entered by the above entitled Court under date of February 28, 1956." Mercola did not appeal. No motion or order for substitution of parties was made.

■ Where a party transfers his interest in an action after the action has been commenced and before judgment the transferee is the proper party to appeal and not the transferor, since the latter has no further interest in the action. (*Miller* v. *Bank of America,* 52 Cal.App.2d 512 [126 P.2d 444]; 3 Cal.Jur.2d, 563, § 109.)

In *Miller* v. *Bank of America, supra,* one of two plaintiffs in an action for conversion died after the trial and submission of the cause but before judgment was rendered or entered. The interest of the decedent, Miller, was purchased by his coplaintiff, Powell. Later judgment was rendered against the plaintiffs. Powell filed notice of appeal in behalf of both

of the plaintiffs. The defendant bank moved to dismiss the appeal as to the deceased plaintiff, Miller, on the ground the action had abated as to his interest at the time of his death. No substitution had been made or authorized as provided by section 385 of the Code of Civil Procedure. Powell opposed the motion and noticed a motion to substitute himself for the deceased. The court held that the action did not abate at the death of Miller and since his entire interest in the action was purchased and acquired by the joint owner and coplaintiff, Powell, before the judgment had been rendered or entered, the assignee alone had the right to appeal therefrom. The court stated (p. 515):

''The entire title to the property right of the deceased in the pending litigation having passed to 'Powell before the judgment was rendered or entered, neither the executrix nor the trustee of the estate had authority to take the appeal. . . . [S]ince the judgment was not rendered until March 28, 1941, and the entire interest therein had been previously transferred to Powell, the executrix had no authority to appeal. Under section 385 of the Code of Civil Procedure, 'In case of the death . . . of a party, the court, on motion, *may* allow the action or proceeding to be continued *by or against* his representative or successor in interest.' (Italics ours.) Apparently the last quoted language would not authorize the substitution of the executrix under the circumstances of this case, for the reason that she had sold and transferred the interest of the estate of [to] Powell, who was already a party plaintiff. She therefore no longer represented the deceased with respect to that interest, either as executrix or as trustee. The estate no longer possessed an interest in that chose in action. The plaintiff, Powell, was the only person who was entitled to represent that interest in the pending litigation after he acquired title thereto by purchase and assignment. . . .

''[P. 516.] The purpose of a substitution of parties to an action, in the event of death or the transfer of an interest, is that there may be some individual or entity to represent the transferred interest during the continuation of the litigation. When the interest is transferred during litigation, by death or by assignment to a stranger to the action, it follows that a substitution of parties should be made.''

The court went on to say that it was unnecessary that Powell be substituted since he was the surviving joint owner of the property and had merely increased his holdings to include the entire property; he was already a party to the

action. The court concluded that the appeal was ineffectual insofar as it purported to apply to the interest of Miller since his estate no longer had an interest in the litigation but that the notice of appeal authorized Powell to represent the entire interest in litigation.

The facts in the case at bar are stronger than those in the Miller case since the judgment rendered and entered after the assignment back to Mercola adjudges that Mercola recover from defendant. As Fox concedes, the assignment of January 20, 1955, to Mercola transferred to him all right, title and interest of Fox in the action. The court acted on the assignment and on February 7, 1955 rendered judgment accordingly in favor of "THOMAS D. MERCOLA." Fox was not aggrieved by the order setting aside the default, the default judgment, and the execution sale, and had no right to appeal.

Appeal dismissed.

Shinn, P. J., and Wood (Parker), J., concurred.