[Civ. No. 27292. Second Dist., Div. One. Dec. 23, 1963.]

UNION BANK, Plaintiff and Appellant, v. THE COUNTY OF LOS ANGELES et al., Defendants and Respondents.

Loeb & Loeb and Robert A. Holtzman for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and DeWitt W. Clinton, Deputy County Counsel, for Defendants and Respondents.

FOURT, J.—This is an appeal by plaintiff Union Bank (hereinafter referred to as "Union") from a judgment of dismissal entered after the trial court sustained a demurrer without leave to amend *on the sole ground that Union did not have capacity to sue.* Defendants' demurrer insofar as it related to Union's coplaintiff Hancock Acceptance Corp. (hereinafter referred to as "Hancock"), was overruled and Hancock is not a party to the within appeal.

The chronology of significant events is as follows: On May 28, 1962, plaintiffs filed a complaint in three counts seeking an injunction and declaratory relief. Union and Hancock were coplaintiffs in the first and third counts. It was therein alleged in substance as follows: On or about August 2, 1960, Continental Electronics Corporation of California (hereinafter referred to as "Electronics") duly made, executed and delivered to Union a chattel mortgage on certain office furniture, shop machinery and equipment, and other personal property, to secure the payment of an indebtedness to Union evidenced by a promissory note in the principal sum of $54,999.84. The chattel mortgage was subsequently recorded. Thereafter, Continental Industrial Electronics Corp. (hereinafter referred to as "Industrial") acquired all of the assets and assumed all of the liabilities of Electronics, including the obligation to repay the balance of the note secured by the aforementioned chattel mortgage.

On the first Monday in March 1962 the County Assessor of Los Angeles County duly assessed the various assets of Industrial (consisting solely of "solvent credits," "trade fixtures," and "personal property") and computed the personal property tax thereon for the tax year 1962 to 1963 to be $5,598.67. Defendants determined that the aforesaid personal property tax was on "unsecured property" as defined in Revenue and Taxation Code, section 134 and sections 2901 et seq., and sent a tax bill to Industrial for that amount, which tax bill was and is unpaid.

Thereafter, on April 25, 1962, Union foreclosed its chattel mortgage and took physical possession of the mortgaged property and on May 1, 1962, entered into an agreement to sell it to Union's coplaintiff Hancock.[1] The agreement pro-

---

[1] Union also had an inventory lien on Industrial's inventory, foreclosed this lien on April 25, 1962, and sold the inventory foreclosed upon to Hancock on May 1, 1962. In the case of this inventory, however, title and possession both passed to Hancock on May 1, 1962. The second cause of action asserted in the complaint is solely on behalf of Hancock and relates to this inventory property.

vided that Union would, forthwith, deliver possession of the personal property to Hancock and would pass title to Hancock at the close of an escrow on May 29, 1962. Pursuant to the agreement, possession of the personal property was delivered to Hancock on or about May 1, 1962.

On or about May 7, 1962, by a notice in writing defendants purported to seize and announced their intention to sell "Electronics Mfg. Co. Fixtures and All Personal Property" previously assessed to Industrial (and on the date of said notice the property in question being in the possession of Hancock by reason of the aforesaid foreclosure and sale), at public auction, for the purpose of enforcing payment of the above tax. A copy of said notice was delivered to Hancock and another copy posted at its place of business. Said notice provided by its terms that title to property purchased at said auction sale would be vested in the purchaser. Said sale was to be held May 17, 1962, and was subsequently postponed to May 31, 1962. The property described in the notice included all of the property formerly covered by Union's chattel mortgage and inventory lien.

Defendants threatened, unless enjoined by the trial court, to sell the property foreclosed upon or so much thereof as might be necessary to satisfy the aforesaid tax assessment, and upon payment therefor by the purchaser to deliver possession with a bill of sale purporting to vest title in the purchaser free and clear of any interest or claim of Union or of Hancock.

The unique and peculiar character of the property, demand, and threat of irreparable injury were alleged in the first cause of action as was the existence of a bona fide dispute among the parties, in the third cause of action.

On September 4, 1962, the named defendants filed a demurrer to plaintiffs' third cause of action (declaratory relief). The minute order dated October 1, 1962, discloses that the demurrer was sustained without leave to amend as to Union, but overruled as to Union's coplaintiff Hancock.

On October 9, 1962, the defendants filed their demurrer to plaintiffs' first cause of action (injunction). By minute order dated November 15, 1962, the demurrer was sustained without leave to amend with reference to plaintiff Union. The minute order then provides as follows in pertinent part: "Motion of plaintiffs to reconsider order made on October 1, 1962. . . .

"Motion Granted as to Union Bank."

"Upon reconsideration, and statement of counsel for Union Bank in open court that interest had been transferred yo [sic] Hancock Acceptance Corp., its co-defendant [sic], the Order of October 1, 1962, is reaffirmed. (Code Civ. Proc., § 367). Union Bank has no capacity to sue. This is admitted in the Complaint, Par XIV p 5; Par VI p 9."

Judgment of dismissal against Union was entered December 5, 1962, and the within appeal followed.

The sole issue presented on this appeal is: *Where there are multiple plaintiffs (Union and Hancock) in an action, and where one of the plaintiffs (Union) transfers its interest therein pendente lite to its coplaintiff (Hancock), is the transferee coplaintiff permitted to continue the action in the names of the original parties?*

Code of Civil Procedure, section 385, provides in part as follows: "... In case of any other transfer of interest (other than the death or disability of a party) *the action or proceeding may be continued in the name of the original party*, or the Court may allow the person to whom the transfer is made to be substituted in the action or proceeding." (Italics added.)

It is clear that where one party acquires the interest of his coplaintiff during the litigation, there is neither reason nor statutory requirement that the transferee shall again be made a party to the action in order that said transferee may represent its own interest in the litigation. (See *Miller* v. *Bank of America*, 52 Cal.App.2d 512 [126 P.2d 444]; 2 Witkin, Cal. Procedure, Pleading, § 140, pp. 1121-1122; 1 Chadbourn, Grossman and Van Alstyne, Cal. Pleading, § 652, pp. 552-553; 149 A.L.R. 829, 843.) The assignor is merely a nominal party with control over the action resting in the assignee. (*Davis* v. *Rudolph*, 80 Cal.App.2d 397, 401 [181 P.2d 765].)

The judgment is reversed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied January 20, 1964, and respondents' petition for a hearing by the Supreme Court was denied February 19, 1964.