**Howard Alan ZOCHLINSKI, Plaintiff—Appellant,**

v.

**UNIVERSITY OF CA; et al., Defendants—Appellees.**

No. 05–17152.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 21, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Therefore, appellant's request for oral argument is denied.

Howard Alan Zochlinski, Davis, CA, pro se.

Gregory Fox, Esq., The Waterfront Building, San Francisco, CA, for Defendants–Appellees.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Howard Alan Zochlinski appeals pro se from the district court's judgment denying his motion to remand his case to California state court, and dismissing his action against the University of California, and a number of the University's departments, faculty, and staff, for failure to comply with Fed.R.Civ.P. 8(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of a motion to remand. *Hall v. N. Am. Van Lines, Inc.,* 476 F.3d 683, 686 (9th Cir.2007). We review the dismissal for abuse of discretion. *Bautista v. Los Angeles County,* 216 F.3d 837, 841 (9th Cir.2000). We affirm.

■ The district court properly denied as untimely Zochlinski's motion to remand based on an untimely removal, because it was filed more than 100 days after defendants' notice of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal...."); *Maniar v. F.D.I.C.,* 979 F.2d 782, 785–86 (9th Cir. 1992) (holding that the district court is bound by the 30–day limit).

■ The district court also properly determined that Zochlinski's complaint was not a "short and plain statement" of his claims for relief. *See* Fed.R.Civ.P. 8(a)(2). Rather, the complaint was "prolix in evidentiary detail, yet without ... clarity as to whom [Zochlinski] [was] suing for what wrongs." *McHenry v. Renne,* 84 F.3d 1172, 1180 (9th Cir.1996).

ed by 9th Cir. R. 36–3.

Zochlinski's remaining contentions lack merit.

We deny all pending motions.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.