**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWARD ALAN ZOCHLINSKI, | No. 10-15917 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00185-FCD-EFB |
| v. | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted August 14, 2013[**]

Before: SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Howard Alan Zochlinski appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims related

to an alleged conspiracy to unfairly enforce housing and nuisance ordinances

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

against him in violation of his civil rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, and for an abuse of discretion the denial of leave to amend. *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012). We affirm.

The district court properly dismissed Zochlinski's action because Zochlinski failed to allege sufficient facts to state one or more element of each claim against any defendant. *See* 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986; *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (per curiam) (setting forth elements of equal protection claim); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (setting forth § 1983 conspiracy claim); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (setting forth claim under Americans with Disabilities Act) (per curiam); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must nonetheless present factual allegations sufficient to state a plausible claim for relief); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (noting that courts are not required to accept as true conclusory allegations, unwarranted deductions of fact, or unreasonable inferences).

The district court properly declined to exercise supplemental jurisdiction over Zochlinski's state law claims after dismissing his federal claims. *See* 28

U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (district court has discretion to keep, or decline to keep, state law claims under conditions set forth in § 1367(c)).

The district court did not abuse its discretion by denying Zochlinski leave to amend because amendment would have been futile. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (district court need not grant leave to amend where amendment would be futile).

The district court did not abuse its discretion by denying Zochlinski's motion for appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

Zochlinski's contentions regarding the district court's alleged failure to understand his allegations, to sua sponte remand his state law claims, and to consider a late-filed proposed second amended complaint are unpersuasive.

 Zochlinski's motion for oral argument, filed on August 22, 2011, is denied.

**AFFIRMED.**

10-15917