
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWARD ALAN ZOCHLINSKI,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; et al.,<br><br>    Defendants - Appellees. | No. 12-15120<br><br>D.C. No. 2:10-cv-01824-KJM-JFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted December 17, 2013[**]

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Howard Alan Zochlinski appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument, and, therefore, denies plaintiff's request for oral argument. *See* Fed. R. App. P. 34(a)(2).

from a conspiracy to slander him after he was disqualified from a graduate school program. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, and for an abuse of discretion the denial of leave to amend. *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012). We affirm in part, reverse in part, and remand.

The district court properly dismissed Zochlinski's §§ 1981, 1983, 1985 and 1986 claims against The Regents of the University of California, and his damages claims under these provisions against the individual defendants in their official capacities, because arms of the state and their agents acting in their official capacities are not subject to suit under those provisions. *See Pittman v. Oregon Employment Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) (no § 1986 cause of action absent a valid § 1985 claim).

The district court properly dismissed Zochlinski's §§ 1982 and 1983 conspiracy claims as well as his claims under Title II, IV, VI, and VII of the Civil Rights Act against all defendants because Zochlinski failed to allege facts to support one or more element of each claim. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (elements of § 1983 conspiracy claim); *see also* 42 U.S.C. § 1982 (claim arises if defendant interferes with plaintiff's right to "inherit, purchase,

lease, sell, hold [or] convey" property); 42 U.S.C. § 2000a (addressing discrimination in public accommodation); *id.* § 2000c (addressing desegregation in public schools); *id.* § 2000d (addressing exclusion from educational programs that receive federal assistance on the basis of race, color, or national origin); *id.* § 2000e (addressing employment discrimination).

However, the district court erred in dismissing Zochlinski's § 1981 equal protection claim against defendant John Jones, and his § 1983 defamation plus claim against defendants John Oakley and Jones, to the extent that Zochlinski seeks damages from them in their individual capacities, because Zochlinski alleged that defendant Jones acted with racial animus against people of Jewish descent, and that both defendants defamed him in retaliation for his exercise of First Amendment rights and with disregard for his right to pursue his chosen profession. *See Pittman*, 509 F.3d at 1071 (§§ 1981 and 1983 damages claims cognizable against public officials in their individual capacities); *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999) (elements of § 1983 defamation-plus claim); *see also Saint Francis Coll v. Al-Khazraji*, 481 U.S. 604, 611-13 (1987) (§ 1981 racial discrimination claim encompasses animus against people of Jewish descent, among others); *Greene v. McElroy*, 360 U.S. 474, 492

(1959) (noting an individual's Fifth Amendment right to follow a chosen profession free from unreasonable governmental interference).

The district court also erred by dismissing as time-barred Zochlinski's state law claims for defamation, infliction of emotional distress, and violations of the Unruh Civil Rights Act because Zochlinski alleges that he filed suit within one year after he had reason to be aware of the alleged slander. Defendants offer no persuasive conflicting evidence, only conjecture. *See* Cal. Civ. Proc. Code § 340(c); *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 927 (Cal. 1988) (discussing delayed discovery rule and accrual of claims under California law); *Wood*, 678 F.3d at 1080 (court accepts as true all well pleaded facts); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance [] dismissals based on a judge's disbelief of a complaint's factual allegations").

The district court abused its discretion by denying Zochlinski leave to amend and provide factual specificity regarding his timely state law claims, and his §§ 1981 and 1983 claims for damages against the individual defendants. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (listing factors to weigh regarding leave to amend).

Zochlinski's contentions regarding the magistrate judge's and the district judge's alleged bias are unpersuasive.

4

Zochlinski's requests for appointment of counsel and for an investigation by state or federal prosecutors, set forth in his briefs, are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**