Filed 3/22/21  Zocklinski v. Handy CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| HOWARD ZOCHLINSKI, | C080867 |
| Plaintiff and Appellant, | (Super. Ct. No. CV9371626) |
| v. | |
| CALVIN HANDY et al., | |
| Defendants and Respondents. | |

Over 27 years ago, Howard Zochlinski filed this suit against The Regents of the University of California, the County of Yolo, various employees of the University of California (U.C.) at Davis, and several others.  He brought his suit after a U.C. Davis student complained that Zochlinski was stalking her, which later led to Zochlinski being arrested and charged with stalking.  According to Zochlinski's complaint, the defendants falsely arrested him, maliciously prosecuted him, discriminated against him, and interfered with his educational goals.  The trial court, however, dismissed Zochlinski's

1

suit for taking too long to bring the action to trial. It did so based on Code of Civil Procedure[1] section 583.310, which provides that "[a]n action shall be brought to trial within five years after the action is commenced against the defendant."

Zochlinski, in propria persona, now appeals from that dismissal. First, he contends the trial court wrongly applied state law, rather than federal law, in dismissing his suit. Second, he asserts the trial court lacked jurisdiction because one of the defendants was deceased and had not yet been replaced by his estate at the time the court dismissed his action. And finally, for several reasons, he alleges the court abused its discretion. We find none of Zochlinski's several claims persuasive, however, and thus affirm.

## BACKGROUND

Zochlinski's appeal here is the third he has filed in this case. (See *Zochlinski v. County of Yolo et al.* (Jan. 24, 1997, C020574) [nonpub. opn.] (*Zochlinski I*); *Zochlinski v. Handy et al.* (Jan. 8, 2002, C036429) [nonpub. opn.] (*Zochlinski II*).) We take our facts largely from our two prior opinions in this matter.

Zochlinski enrolled in a Ph.D. program in genetics at U.C. Davis in 1984. "In 1992 Sally Yau[, another U.C. Davis student,] complained to John Jones, a [U.C. Davis] Police Officer, that Zochlinski was stalking her." (*Zochlinski II*, *supra*, C036429, at p. *2.) Jones arrested Zochlinski based on the complaint, and the Yolo County District Attorney afterward filed charges against Zochlinski. (*Ibid.*) "[B]ut on the morning of the date set for the trial, the charge was dismissed." (*Ibid.*) Zochlinski believes this arrest and prosecution interfered with his ability "to complete his Ph.D. dissertation within the time allowed, resulting in his dismissal from the university without obtaining his Ph.D. degree." (*Zochlinski I*, *supra*, C020574, at p. *4.)

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

Based on these events, Zochlinski filed this suit in 1993 against various defendants, including the eight who remain in this appeal, alleging he was wrongfully arrested and prosecuted.[2] According to his complaint, these defendants falsely arrested him, maliciously prosecuted him, discriminated against him, interfered with his educational goals, and violated various state and federal laws. Zochlinski afterward also filed several other suits relating to these same events, including the following:

1. A 1995 federal lawsuit against many of the same parties in this case based on Zochlinski's arrest and dismissal from U.C. Davis. (See *Zochlinski v. University of California* (E.D. Cal., Sept. 7, 2005, No. CIVS041702DFLPANPS) 2005 WL 2417649, at pp. *2-3 (*Zochlinski v. University*), report and recommendation adopted (E.D. Cal., Sept. 30, 2005, No. CIV.S041702DFLPANPS) 2005 WL 2436074, affd *sub nom.* (9th Cir. 2007) 246 Fed.Appx. 418.) Zochlinski ultimately declined to pursue this action after the district court dismissed his initial complaint and two later amended complaints as "unintelligible," and then refused to allow him to proceed further in forma pauperis. (*Ibid.*)

2. A 2002 federal lawsuit, also against many of the same parties in this case, raising, among other things, claims that the University of California discriminated and retaliated against him, unfairly limited his campus activities, falsely arrested him, and prevented him from completing his degree or obtaining employment with the university. (See *Zochlinski v. University*, *supra*, 2005 WL 2417649, at pp. *1-5 [discussing allegations in another of Zochlinski's lawsuits and noting that Zochlinski raised "virtually" the same claims in this 2002 lawsuit].) The district court dismissed Zochlinski's

---

[2] The defendants remaining here are Calvin C. Handy, Mike Miller, John Jones, Donald Curry, Jeanne Wilson, Mike Oreschak, Dan Jones, and Earl Tomlinson.

3

complaint with prejudice after finding it was "legally frivolous and fail[ed] to state a claim." (*Id.* at p. *3.)

3. A 2003 state lawsuit, which was later removed to federal court, that involved "virtually" the same claims and parties as in the 2002 case. (*Zochlinski v. University*, *supra*, 2005 WL 2417649, at pp. *3-5.) The district court dismissed the complaint with prejudice after finding it was unintelligible and barred by principles of res judicata. (*Ibid.*; see also *Zochlinski v. University of California, supra*, 2005 WL 2436074, at p. *1, affd *sub nom.* (9th Cir. 2007) 246 Fed.Appx. 418.)

4. A 2007 state lawsuit, which was later removed to federal court, "alleging civil rights claims arising out of [Zochlinski's] pursuit of a Ph.D. at the University of California." (*Zochlinski v. University of California* (E.D. Cal., Mar. 26, 2008, No. CIV S-08-24 LEWKJMPS) 2008 WL 822903, at p. *1.) The district court dismissed the action for failure to comply with a court ordered deadline for filing an amended complaint, and the Ninth Circuit later affirmed. (*Zochlinski v. University of California Board of Regents* (9th Cir. 2017) 687 Fed.Appx. 615.)

5. A 2007 state lawsuit challenging U.C. Davis's refusal to reinstate Zochlinski in its Ph.D. program. (*Zochlinski v. Regents of the University of California et al.* (Jan. 10, 2013, C064600, C065103) [nonpub. opn.], at p. *1 (*Zochlinski v. Regents*).)[3] The trial court found the dean of the Ph.D. program did not abuse his discretion in declining to reinstate Zochlinski, and we affirmed on appeal. (*Ibid.*)

---

[3] We take judicial notice of this decision sua sponte. (Evid. Code, §§ 451, subd. (a), 459, subd. (a).)

4

6. A 2008 state lawsuit challenging U.C. Davis's refusal to award Zochlinski a Ph.D. (*Zochlinski v. Regents*, *supra*, C064600, C065103, at p. *1.) The trial court found U.C. Davis did not abuse its discretion in declining to award Zochlinski a Ph.D., and we affirmed on appeal. (*Ibid.*)

7. A 2008 state lawsuit, which was later removed to federal court, "alleg[ing] a conspiracy by various officials of the University of California, the City of Davis and Yolo County to harass him." (*Zochlinski v. Regents of the University of California* (E.D.Cal. Jan. 27, 2010, No. CIV S-09-0185 FCD EFB PS) 2010 U.S.Dist.LEXIS 6360, at p. *2.) The district court dismissed the case with prejudice for failure to state a claim, and the Ninth Circuit affirmed on appeal. (*Zochlinski v. Regents of the University of California* (9th Cir. 2013) 538 Fed.Appx. 783, 783.)

8. A 2010 federal lawsuit concerning Zochlinski's 1993 disqualification from the Ph.D. program. (*Zochlinski v. Blum* (E.D. Cal., Aug. 24, 2012, No. 2:11-CV-3295-KJM-JFM) 2012 WL 3730684, at p. *1.) The district court dismissed the case in 2016 for failure to prosecute. (*Zochlinski v. Blum* (E.D. Cal. July 19, 2016, No. 2:11-cv-03295-KJM-KJN) 2016 U.S.Dist.LEXIS 94105, at p. *1.)

9. A 2010 state lawsuit, which was later removed to federal court, alleging a conspiracy by The Regents of the University of California and others to slander him after he was disqualified from the Ph.D. program. (*Zochlinski v. Regents of the University of California* (9th Cir. 2014) 578 Fed.Appx. 636, 637; *Zochlinski v. Regents of the University of California* (E.D. Cal., Nov. 4, 2015, No. 210CV1824KJMKJNPS) 2015 WL 6744654, at p. *1.) The district court ultimately dismissed the suit with prejudice for failure to state a claim. (*Zochlinski v. Regents of the University of California* (E.D. Cal. June 1, 2016, No. 2:10-cv-1824-KJM-KJN PS) 2016 U.S.Dist.LEXIS 71595, at p. *1.)

All that remains of these many lawsuits today, we believe, is the one before us—a case we are now considering for the third time.

We first considered this matter in 1997. Zochlinski at that time appealed after the trial court sustained two demurrers to his complaint—both of which sought dismissal of his suit on immunity grounds. (*Zochlinski I*, *supra,* C020574.) "We affirmed the judgment dismissing the case against [Yolo] County and the Board of Regents of U.C., but reversed as to the other U.C. Davis defendants." (*Zochlinski II*, *supra*, C036429, at p. *2.) Sally Yau, the student who accused Zochlinski of stalking her, was not part of that appeal.

We next considered this matter in 2002. In that appeal, Zochlinski challenged "the dismissal of this action by the trial court for failure to bring the action to trial within five years of commencing the action as to defendant Sally Yau . . ., and within three years after the remittitur was filed as to the remaining defendants." (*Zochlinski II*, *supra*, C036429, at p. *1.) We again agreed with Zochlinski in part. We affirmed the judgment dismissing the case against Yau, but we reversed as to the remaining defendants. (*Id.* at pp. *1-2.)

The trial court's dismissal of his action, we noted, was premised on two mandatory dismissal statutes (namely, §§ 583.310 and 583.320) that allowed dismissal only after at least "five years has expired from the date the plaintiff commenced the action." (*Zochlinski II*, *supra*, C036429, at p. *4.) But we found the requisite five years had passed only for Yau. Although six and one-half years had passed since Zochlinski filed his original complaint, two of those years, we found, did not count toward the five-year period—at least not for most of the defendants. (*Id.* at pp. *4-5.) That was because the trial court was without jurisdiction over these defendants for two years during the initial appeal in this matter, and section 583.340 provides that "the time during which the jurisdiction of the court to try the action was suspended must be excluded." (*Zochlinski II*, at p. *5.)

6

But although we reversed the lower court's dismissal of Zochlinski's action as to most of the defendants, we did not do the same for Yau. Yau, we found, "was not a party to the prior appeal, thus the five-year time period within which to bring her case to trial was not tolled by the appeal of the other defendants." (*Zochlinski II*, *supra*, C036429, at p. *7.) We thus reversed the judgment as to all the defendants other than Yau.

Thirteen years later, the trial court dismissed Zochlinski's action against the remaining defendants based on his failure to bring the case to trial within five years.

Zochlinski timely appealed.

DISCUSSION

I

*Applicability of Federal Rules of Procedure*

Zochlinski first contends the trial court wrongly applied California law (namely, section 583.310's five-year deadline for bringing cases to trial), rather than federal law, in its order dismissing his action. In his view, because he has asserted some federal claims in this action, federal preemption principles should have prevented the trial court from dismissing his suit based on California law. We disagree.

Zochlinski raised the very same argument, unsuccessfully, in an earlier appeal in this case. Recall that in 2002 we affirmed the trial court's judgment in favor of Sally Yau based on Zochlinski's failure to bring the case to trial within five years, as required under section 583.310. (*Zochlinski II*, *supra*, C036429.) In seeking reversal in that appeal, Zochlinski raised the same claim he raises here, namely, that he was "entitled to have his case governed by federal procedural rules because he asserts federal civil rights claims against the defendants." (*Id.* at p. *9.) He based that argument on *Felder v. Casey* (1988) 487 U.S. 131 and similar cases—which hold, based on preemption principles, that a state "may not alter the outcome of federal claims it chooses to entertain in its courts by demanding compliance with outcome-determinative rules that are inapplicable when such claims are brought in federal court." (*Id.* at p. 152.)

7

But we rejected that type of argument.  Quoting *County of Los Angeles v. Superior Court* (1999) 21 Cal.4th 292, 300, we noted that " '[n]eutral state procedural rules of court administration not affecting the ultimate outcome of the controversy are not preempted by federal law.' " (*Zochlinski II*, *supra*, C036429, at p. *10.)  We then concluded that "[a] mandatory five-year limitation in which to bring a case to trial"—like the one provided in section 583.310—"is a neutral procedural rule of court administration.  It is not outcome determinative in the sense that it is so hostile to a plaintiff's rights that it would ' "frequently and predictably produce different outcomes in federal civil rights litigation based solely on whether that litigation takes place in state or federal court." ' (*County of Los Angeles v. Superior Court*, *supra*, 21 Cal.4th at p. 299.)" (*Zochlinski II,* at pp. *10-11.)  We thus held Zochlinski could not "claim the action should not have been dismissed against Yau on this ground." (*Id.* at p. *11.)

Zochlinski now once more raises this same argument, in the same case, but with respect to different defendants.  We again, for the same reasons, reject the argument.  In our view, section 583.310's five-year deadline for bringing cases to trial is a "[n]eutral state procedural rules of court administration not affecting the ultimate outcome of the controversy." (*County of Los Angeles v. Superior Court*, *supra*, 21 Cal.4th at p. 300.)  And because state rules of that sort are not preempted by federal law (*ibid.*), we reject Zochlinski's claim of preemption.

## II

### *The Trial Court's Jurisdiction*

Zochlinski next contends the trial court lacked jurisdiction because one of the defendants, Jones, was deceased and had not yet been replaced by his estate at the time of the court's dismissal order.  We disagree.

The California Supreme Court rejected this very type of claim in *Smith v. Bear Valley Milling & Lumber Co.* (1945) 26 Cal.2d 590, which also concerned the dismissal of a case based on the plaintiffs' failure to bring the case to trial within five years.  (*Id.* at

8

p. 591.)  The plaintiffs there, like Zochlinski, contended the trial court "lacked authority to render a judgment either for or against [one of the defendants] in view of the fact of his death and the absence of substitution of his personal representative." (*Id.* at p. 602.)  But the high court rejected the claim, finding it "apparent that no prejudice has resulted to plaintiffs from the failure to order the substitution." (*Ibid.*)  As the court explained, "[e]ven had the substitution been made, the court would have had no alternative (in the absence of a written stipulation executed by the personal representative or his attorney) but to thereafter dismiss the action as to the substituted defendant." (*Ibid.*)

For the same reason, we likewise find it "apparent that no prejudice has resulted to [Zochlinski] from the failure to order the substitution" here.  (See *Smith v. Bear Valley Milling & Lumber Co.*, *supra*, 26 Cal.2d at p. 602; see also Cal. Const., art. VI, § 13; *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 573 [under our state constitution, "a judgment [may] not be reversed unless error caused actual prejudice in light of the whole record"].)  We thus reject this argument.

### III

### *The Trial Court's Exercise of Its Discretion*

Finally, for several reasons, Zochlinski contends the trial court abused its discretion.  But we find none of his arguments persuasive.

First, Zochlinski asserts the court abused its discretion in dismissing his suit under section 583.410, which gives courts "discretion [to] dismiss an action for delay in prosecution" under certain circumstances.  But although, at the trial level, the defendants argued the case should be dismissed on that ground, the court ultimately dismissed the case under the mandatory requirements of sections 583.310 and 583.360.  We thus decline to find the court abused its discretion in dismissing Zochlinski's suit under section 583.410, when the trial court did no such thing.

Second, Zochlinski claims the court abused its discretion in failing to find the mandatory requirements of section 583.340 tolled based on the equitable grounds of

9

impossibility, impracticability, and futility. (See § 583.340, subd. (c) [impossibility, impracticability, and futility are grounds for extending the time for bringing a case to trial].) He notes two facts in support of his claim: he is representing himself, and he is in poor health. We acknowledge the difficulties Zochlinski may face in representing himself in this action. And we accept, as he asserts, that his health may have made representing himself more difficult still. But we cannot treat self-represented litigants differently than represented ones in terms of section 583.310's five-year bar. (See *Taylor v. Bell* (1971) 21 Cal.App.3d 1002, 1009 ["A lay person, who is not indigent, and who exercises the privilege of trying his own case must expect and receive the same treatment as if represented by an attorney—no different, no better, no worse."].) Nor can we allow Zochlinski's claims of ill health to justify indefinite delays in this case. Although he submitted documentation showing he suffered a heat stroke at one point, that alone cannot justify a delay of many years beyond the five-year limit. And although he also offered a summary report about the results of an MRI scan, he never explains the significance of the report's findings or their relationship to the long delay in this case. Because Zochlinski has presented nothing else to justify the many years of delay in this case, we cannot accept his claim that the court abused its discretion in this regard.

Lastly, Zochlinski contends the court abused its discretion in declining to estop the defendants from invoking section 583.310 under the doctrine of "unclean hands." "Generally, the equitable doctrine of unclean hands applies when a plaintiff has acted unconscionably, in bad faith, or inequitably in the matter in which the plaintiff seeks relief." (*Salas v. Sierra Chemical Co.* (2014) 59 Cal.4th 407, 432.) According to Zochlinski, the doctrine applies here for several reasons, including because the defendants filed motions to stay the trial court proceedings, expressly waived their right to dismiss this suit based on untimely prosecution, concealed evidence, and engaged in

10

delay tactics.**4**  But although some of Zochlinski's claims find partial support in the record, it is not enough to justify the long delay here.

To begin, it is true, as Zochlinski asserts, that the defendants filed motions to stay court proceedings.  But Zochlinski never clearly explains why the mere filing of these motions somehow triggers the doctrine of "unclean hands."  Nor does he cite anything in the record to show whether these motions were even granted.

It is also true that the trial court, on several occasions, agreed to stay the date to bring the case to trial.  But at most, these several stays appear to have covered only the period of February 2003 to January 2004.**5**  The parties initially agreed to a 45-day stay in early 2003, and the trial court afterward extended the stay from hearing to hearing for a few months.  It last did so in November of 2003.  At that hearing, the court extended the stay again with review set for January 2004.  But in January 2004, for whatever reason, the court did not continue staying the matter further.  In the end, then, we appear to have at best a stay of about one year—not nearly enough to justify a delay of 13 years.

Finally, Zochlinski contends there was also a later stipulation in 2004, which he "believes . . . was the one on waiver of §§ 583 dismissal."  But Zochlinski did not provide the stipulation, and his belief alone in the existence of this stipulation is not enough.

---

**4**     In support of this and related arguments, Zochlinski requests that we take judicial notice of (1) the trial court docket in this case; (2) various trial court minutes; (3) the trial court's case summary report; (4) the docket in *Zochlinski v. University, supra*, 2005 WL 2417649; (5) the docket in *Jones v. Regents of the University of California* (Jun. 30, 1994, C016980) [nonpub. opn.], a case concerning Jones's suspension from the U.C. Davis police force; and (6) two articles concerning Zochlinski.  We grant the request as to the trial court's docket, minutes, and case summary report in this case.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)  But we deny the request as to the remaining documents, all of which are irrelevant to this appeal.

**5**     Zochlinski also mentions a stay from June to September of 2002.  But that stay concerned only the hearing date on the defendants' motion to dismiss.  It had nothing to do with the trial date.

Because Zochlinski has offered little more to support his "unclean hands" argument, we reject this argument.**6**

## DISPOSITION

The judgment is affirmed. The defendants are entitled to recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

/s/<br>
BLEASE, Acting P. J.

We concur:

/s/<br>
MAURO, J.

/s/<br>
MURRAY, J.

---

**6** Zochlinski raises one final argument in his reply brief. He contends the trial court erred in dismissing his suit for failing to bring the case to trial within five years, as the case had in fact already been brought to trial. In support of this claim, he cites a 2004 briefing schedule concerning the defendants' motion for summary judgment. But we fail to see how this briefing schedule demonstrates the case was already brought to trial. In any event, because Zochlinski raises this argument for the first time in his reply brief, without good cause, we will not consider it. (See *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.)